Shirley FORTENBERRY, Appellant,

v.

Durrell FORTENBERRY, Appellee.

No. 5662.

Court of Civil Appeals of Texas, Waco.

Dec. 16, 1976.

Rehearing Denied Jan. 6, 1977.

Bob Huff & Associates, Lubbock, for appellant.

Stovall & Stovall, Plainview, for appellee.

## OPINION

JAMES, Justice.

This case concerns the division of property in a divorce action. The wife appealed from the division of property made and from the refusal of the trial court to award attorney's fees to her, asserting abuse of discretion. We overrule Appellant's points of error and affirm the judgment of the trial court.

Findings of Fact and Conclusions of Law were filed by the trial court, none of which findings were challenged by the Appellant in her brief.

Durrell Fortenberry, the Appellee husband, and Shirley Fortenberry, the Appellant wife, were married September 29, 1972, and separated May 15, 1975. They lived together, then, about two years and eight months. At the time the divorce suit was filed, he was forty years old and she was thirty-six years of age. No children were

born to the marriage and none were expected at the time of the divorce judgment. At the time of the marriage, she was the mother of eight children, six of whom were under sixteen years of age. From the record it appears these children were fathered by four different men; however, the only child support she was receiving from any of them was $75.00 per month from the father of the youngest of her children. After the marriage, Appellant and her six youngest children moved in with Appellee, and the record shows that Appellee supported all of them until Appellant moved out and the parties thereby finally separated.

Appellee made his living as a tenant farmer, and also did some custom farm work. At the time of the marriage, Appellee owned some separate property, consisting principally of farm machinery, and a cow and calf, and was heavily in debt as compared to his assets. Appellant had knowledge of Appellee's financial condition at the time of the marriage and at all pertinent times subsequent thereto. Prior to trial, Appellee filed a sworn inventory of the separate property he owned at the time of the marriage, same being all personalty. No values were shown on such inventory of the individual pieces of equipment or the total thereof. Likewise, prior to trial, Appellee filed an itemized list of debts he owed at the time of the marriage, showing a total of $33,217.78.

During the times the parties lived together, Appellee traded items of farm machinery which he owned at the time of the marriage for other farm machinery and during this time various debts were paid and others created, all with Appellant's knowledge. The parties bought household furniture during the marriage.

At the time they separated on or about May 15, 1975, she took with her the Ford station wagon worth at that time $1400.00, the greater part of the household furniture and furnishings, and groceries. Thereafter Appellee transferred the title of the station wagon to Appellant and gave her in all $970.00 in cash up to the time of trial.

Trial was had to the court without a jury. The court after granting the divorce, expressly found that "the debts are in excess of the value of the community property," and awarded to Appellant Shirley Fortenberry the 1970 Ford station wagon, the household and kitchen furniture that was then in her possession, and "all cash which she has received since the separation". The court then awarded "all of the rest, residue and remainder of the personal property" to Appellee Durrell Fortenberry, subject to the payment of the indebtedness, with Appellee being "charged with the responsibility of paying all debts and obligations owed by the parties at the time of the separation." The court taxed all court costs against Appellant, but denied Appellant the award of any attorney's fees. From this judgment, Shirley Fortenberry appeals upon six points of error, asserting that the trial court abused its discretion in the division of the property and in denial of attorney's fees to her. We overrule all of Appellant's points of error and affirm the trial court's judgment. We cannot say from this record that the trial court abused its discretion herein.

The total value of the items of property awarded to Appellant Shirley Fortenberry, free of any debt, amounted to $4870.00, according to Appellant's own figures set out in her brief. It would serve no useful purpose to discuss in detail and itemize the various pieces of farm equipment and other personalty and the changes incident thereto from the time of the marriage to the time of trial. The property Appellee had when they married, coupled with trading, selling, purchasing and wearing out of items of personalty during the marriage, together with crops made, were all reviewed with thoroughness in the testimony. We believe a reasonably accurate perspective of the property status and the trial court's division thereof may be seen from the following summary of total values prepared from the evidence, to wit:

| | |
|---|---|
| (1) Total value of community property as of the time of trial | $20,195.00 |
| (2) Total value of Durrell Fortenberry's separate property at the time of trial | $13,895.00 |
| (3) Total value of the community property and his separate property | $34,090.00 |
| (4) Less the total indebtedness (plus estimated accrued interest on indebtedness) | $29,993.01 |
| (5) Net equity subject to be divided between the parties | $ 4,096.99 |
| (6) Value of items of property awarded to the Appellant wife | $ 4,870.00 |

The debts included secured notes to a Bank and the Farmers Home Administration, notes secured by certain equipment, and several unsecured debts.

■ With a net equity of $4,096.99 worth of property available for division between the parties, it is evident that the award of $4,870.00 worth of debt-free property to Appellant without any award for attorney's fees could not in any way constitute an abuse of discretion on the part of the trial court.

Appellant contends that Appellee made and harvested a 300 acre wheat crop in the fall after the parties separated in May 1975, which crop "ought" to be worth $10,000.00 "under normal conditions," and the trial court should have added this amount in as part of the community assets. The only testimony bearing on this crop matter was given by Appellee, who testified that he planted about 300 acres of dryland wheat in September 1975, that there had been no rain or moisture of any kind from time the wheat was planted up to the time of trial (in January 1976), that he might possibly be able to sell the wheat for what it had cost him to sow it. In other words, the wheat crop in question represented no value. Appellant offered no evidence to refute Appellee's testimony in this regard. In our opinion, Appellant's contention concerning this wheat crop is without merit.

Article 3.63 of the Family Code of Texas provides:

"In a decree of divorce or annulment the court shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage."

■ It is well settled that the trial court has broad discretion in determining the disposition of property in divorce actions and this discretion will not be disturbed unless an abuse of discretion is shown. That is to say, the trial court's action should be disturbed on appeal only where an abuse of discretion is shown in that the disposition made is manifestly unjust and unfair. *Hedtke v. Hedtke* (1923), 112 Tex. 404, 248 S.W. 21; *Carle v. Carle* (1950), 149 Tex. 469, 234 S.W.2d 1002; *Bell v. Bell* (Tex.1974), 513 S.W.2d 20; *McKnight v. McKnight* (Tex.1976), 543 S.W.2d 863, opinion pronounced November 24, 1976, 20 Tex.Sup.Ct.J. 64.

■ With reference to the refusal of the trial court to award attorney's fees to Appellant, this likewise is a matter within the sound discretion of the trial court, and is "but a factor to be considered by the court in making an equitable division of the estate, considering the conditions and needs of the parties and all the surrounding circumstances." *Carle v. Carle* (1950), 149 Tex. 469, 234 S.W.2d 1002, 1005; *Williams v. Williams* (Tyler CA 1976), 537 S.W.2d 107, 111, no writ.

In the case at bar, we cannot say from this record that the trial court abused its discretion in either the division of property or in its refusal to award any attorney's fees to Appellant.

This case was heard on January 13, 1976, by Hon. L. D. Ratliff, District Judge of the 110th Judicial District of Texas. Thereafter, Judge Ratliff wrote the lawyers on both sides a letter bearing date of January 23, 1976, wherein he set forth in detail the manner in which he had decided to divide the property, and giving his reasoning in connection therewith. On January 24, 1976, Judge Ratliff died. After Judge Ratliff's

death, to wit, on January 28, 1976, Hon. John T. Boyd, a District Judge sitting on assignment as District Judge of Floyd County, Texas, signed and entered the trial court's judgment, the provisions of such judgment being in harmony with Judge Ratliff's proposed decision as expressed in his letter of January 23, 1976. Subsequently, Hon. George Miller was appointed as District Judge of the 110th Judicial District to fill the vacancy caused by Judge Ratliff's death. Judge Miller signed and filed the Findings of Fact and Conclusions of Law, and heard and overruled Appellant's Motion for New Trial.

■ As we understand Appellant's contentions, she asserts the case should be reversed "in the interests of justice" because of the foregoing facts hereinabove stated wherein one District Judge tried and decided the case, another entered judgment, and a third Judge filed Findings of Fact and Conclusions of Law. We overrule these contentions, because none of these actions on the part of the three judges present any error at all, let alone reversible error. See Rule 18, Texas Rules of Civil Procedure; Art. 2248, Vernon's Texas Civil Statutes; *Horizon Properties Corp. v. Martinez* (El Paso CA 1974), 513 S.W.2d 264, NRE; Rule 434, Texas Rules of Civil Procedure; 4 Tex. Jur.2d, Part 2, "Appeal and Error-Civil Cases," par. 842, p. 361.

All of Appellant's points and contentions are overruled. Judgment of the trial court is affirmed.

AFFIRMED.