Opinion by Justice Francis
In this appeal following a bench trial, Masa Custom Homes, LLC, Mohamed Shamali, and Nishad Kolothody challenge the judgment rendered against them for fraud, negligent misrepresentation, and violations of the Texas Deceptive Trade *334 Practices Act. On our own motion, we requested the parties submit additional briefing on the issue of this Court's jurisdiction. After reviewing the record and applicable law, we conclude the trial court's judgment below is void and we have no jurisdiction to consider the merits of this appeal. Accordingly, we set aside the judgment, remand the cause to the trial court for further proceedings, and dismiss the appeal.
Islam Shahin, M.D. filed this suit in August 2013 asserting claims against appellants based on their alleged failure to properly construct a residential home. Masa filed counterclaims for breach of contract, quantum meruit, and unjust enrichment. In August 2015, the case was tried to the court without a jury with the Honorable Phyllis Lister Brown presiding.
At the close of Shahin's case-in-chief, appellants moved for a directed verdict on the liability of the individual defendants, Shamali and Kolothody. Judge Brown orally denied the motion as to Shamali, but granted it as to Kolothody. Appellants then called Kolothody as a witness in their case-in-chief. After Kolothody testified, Shahin requested the court reconsider its dismissal of the claims against him. Judge Brown did not rule on the motion at that time, heard the remainder of the evidence, and concluded the bench trial.
One month later, counsel for the parties received an email from Judge Brown's court coordinator. The email informed them the judge had made the following rulings:
TBC-Plaintiff verdict, Finding on Deft liability on Pltf COA-Breach of Contract-Yes; DTPA-Yes; Fraud/Negligent Misrepresentation-Yes; Texas Construct Trust Fund-No Damages-BOC-Cost to complete paid by Pltf after MASA-$71,799.47; Cost of Outstanding Repairs-$51,899.32; Moving/Storage-$2,453.13; Delay-$50,891.95; Atty fees-$36,097.50; Less Credit contract balance-($15,951.22). DTPA Damages-Loss of Bargain-$0; Out of Pocket-$123,698.79; Fraud/Negligent Misrepresentation of [sic] Damages-Loss of Bargain-$0; Out of Pocket $123,698.79. Pltf must choose between Loss of Bargain or Out of Pocket. Findings on Pltf Liability on Deft COA-Br[e]ach of Contract-No; Quantum Meruit-No.
In response to the email, Shahin submitted a proposed final judgment which included an award of $247,397.58 in enhanced damages for knowing or intentional violations of the DTPA. The proposed judgment named all three appellants jointly and severally liable and included an award of attorney's fees in the amount of $38,500-about $2,500 more than the amount stated in the email.
Appellants filed objections to the proposed judgment asserting, among other things, that the award of enhanced damages and the assessment of liability against the individual defendants was improper because neither was a part of the rulings reflected in the email. Appellants noted Judge Brown granted a judgment in favor of Kolothody at trial. Appellants requested the court sign their version of the final judgment which removed the individual defendants and the enhanced damage award, and reduced the award of attorney's fees to the amount stated in the email. Shahin filed a response setting out at length the evidence presented at trial supporting both the enhanced damage award and the liability of the individual defendants.
On March 21, 2016, a hearing was conducted on the parties' cross-motions for entry of judgment. During the hearing, Judge Brown indicated her findings as reflected in the email were against both Masa and Shamali, but not against Kolothody.
*335 Counsel for Shahin reminded the court that his motion for reconsideration of Kolothody's dismissal was still pending and argued Kolothody's testimony at trial supported his individual liability. Judge Brown agreed to review the record to determine if the motion for reconsideration remained pending and, if so, to issue a ruling. She further agreed to examine the issues of the attorney's fees and enhanced damages.
Two months after the hearing, Judge Brown passed away. Six days later, Judge Eric Moyé, sitting for the 162nd Judicial District Court, signed the final judgment. The judgment he signed was the one submitted by Shahin, which differed from the rulings outlined in the email and included the imposition of liability on both individual defendants, treble damages, and an award of $38,500 in attorney's fees. Appellants filed a request for findings of fact and conclusions of law as well as a motion to modify, correct, or reform the final judgment. Appellants argued the judgment signed by Judge Moyé was inconsistent with Judge Brown's rulings. Shahin filed proposed findings and conclusions on July 1, 2016 and, on the same day, Judge Moyé signed findings and conclusions largely identical to those proposed by Shahin.
Appellants' motion to modify the judgment was heard by a third judge on August 12. The motion was denied, and this appeal followed. After oral argument, we ordered the parties to file supplemental briefing on the issues of Judge Moyé's authority to render judgment and our jurisdiction over this appeal.
Because Judge Brown did not orally pronounce judgment in open court or file a memorandum of judgment with the clerk, she did not render judgment in this case before she died. See W.C. Banks, Inc. v. Team, Inc. , 783 S.W.2d 783, 785 (Tex. App.-Houston [1st Dist.] 1990, no writ) ; see also Genesis Producing Co., L.P. v. Smith Big Oil Corp. , 454 S.W.3d 655, 659-60 (Tex. App.-Houston [14th Dist.] 2014, no pet.). The absence of a final judgment by Judge Brown is further reflected by the parties' motions for entry of judgment and Judge Brown's agreement to take the matters raised by the motions under advisement before making a final ruling. Because Judge Brown did not render judgment, we must determine whether Judge Moyé had authority to render judgment when he did not preside over the trial and, if not, how this affects our jurisdiction.
The rules of practice and procedure in civil district courts allow judges to exchange courts and transfer cases from one court to another. See TEX. R. CIV. P. 330(e) ; see also TEX. CONST. art. V, § 11 ("And the District Judges may exchange districts, or hold courts for each other when they may deem it expedient...."). The rules further allow judges to "hear any part of any case or proceeding pending ... and determine the same " and to "hear and determine any question in any case, and any other judge may complete the hearing and render judgment in the case." TEX. R. CIV. P. 330(g) (emphasis added). Most relevant here is rule 18 of the Texas Rules of Civil Procedure, which addresses the continuation of court business after a judge dies, resigns, or becomes disabled during the court's term. In pertinent part, the rule states that such court "shall be deemed to continue in session" and,
if a judge be transferred to said district from some other judicial district, he may continue to hold said court for the term provided, and all motions undisposed of shall be heard and determined by him, and statements of facts and bills of exception shall be approved by him.
TEX. R. CIV. P. 18 (emphasis added).
These rules have been construed broadly to allow cases to proceed through *336 the courts as expeditiously as possible. Courts have upheld the authority of a judge to sign a judgment in accordance with a jury verdict even though the judge did not preside over the trial. See Hot-Hed, Inc. v. Safehouse Habitats (Scotland), Ltd. , 333 S.W.3d 719, 734 (Tex. App.-Houston [1st Dist.] 2010, pet. denied) ; Walker v. Arlington Disposal Co. , No. 05-01-00283-CV, 2002 WL 84439, at *6-7 (Tex. App.-Dallas Jan. 23, 2002, no pet.) (mem. op., not designated for publication); Enax v. Noack , 12 S.W.3d 609, 614 (Tex. App.-Houston [1st Dist.] 2000, no pet.). Similarly, a judge who did not preside over a bench trial may sign the final written judgment in the case so long as the written judgment merely memorializes an earlier final judgment rendered by the judge who heard the evidence. See In re L.K.K. , No. 11-07-00106-CV, 2008 WL 4173742, at *3 (Tex. App.-Eastland Sept. 11, 2008, pet. denied) (mem. op.); Bexar Cty. Ice Cream Co. v. Swensen's Ice Cream Co. , 859 S.W.2d 402, 404 (Tex. App.-San Antonio 1993, writ denied)overruled on other grounds by Barraza v. Koliba , 933 S.W.2d 164 (Tex. App.-San Antonio 1996, writ denied) ; cf. Fortenberry v. Fortenberry , 545 S.W.2d 40, 43 (Tex. App.-Waco 1976, no writ).[1] A judge may also make substantive legal decisions in a case where he did not preside over some or all of the trial so long as the decision does not require the judge to find facts based on evidence he has not heard. See Porter v. Vick , 888 S.W.2d 789, 790 (Tex. 1994) (per curiam) (orig. proceeding), overruled on other grounds by In re Baylor Med. Ctr. at Garland , 280 S.W.3d 227 (Tex. 2008) ; Noell v. City of Carrollton , 431 S.W.3d 682, 703 (Tex. App.-Dallas 2014, pet. denied) ; Hull v. S. Coast Catamarans, L.P. , 365 S.W.3d 35, 42 (Tex. App.-Houston [1st Dist.] 2011, pet. denied) ; Texaco, Inc. v. Pennzoil, Co. , 729 S.W.2d 768, 847 (Tex. App.-Houston [1st Dist.] 1987, writ ref'd n.r.e.). Importantly, a common element in these cases is that the fact issues presented were determined solely by the trier of fact who heard the evidence.
All courts that have addressed the issue directly have held the rules of civil procedure do not authorize a judge to render judgment following a bench trial unless he personally heard the evidence on which the judgment is based. See Gathe v. Gathe , 376 S.W.3d 308, 318-19 (Tex. App.-Houston [14th Dist.] 2012, no pet.) ; In re L.K.K. , 2008 WL 4173742, at *3 ; Fid. & Guar. Life Ins. Co. v. Pina , 165 S.W.3d 416, 421 (Tex. App.-Corpus Christi 2005, no pet.) ; Bexar Cty. Ice Cream Co. , 859 S.W.2d at 404 ; Banks, 783 S.W.2d at 785-86 ; Rutherford v. Rutherford , 554 S.W.2d 829, 831 (Tex. Civ. App.-Amarillo 1977, writ dism'd).
Shahin stresses on appeal that Judge Moyé had access to the record and to transcripts of the relevant testimony. And we do not doubt that Judge Moyé reviewed the record in the six days between *337 the day Judge Brown died and the day he signed the final judgment submitted by Shahin. In fact, it is clear that Judge Moyé had only the best intentions when he took on the responsibility of bringing this case to a conclusion. But, just as the law imposes limitations on an appellate court in its review of a cold record, Judge Moye's review of the record in these circumstances would be no different. See, e.g. , In re Toyota Motor Sales, U.S.A., Inc. , 407 S.W.3d 746, 763-64 (Tex. 2013) (orig. proceeding) (Lehrmann, J., concurring). Only the judge who presides over the bench trial can see and observe the witnesses' mannerisms, reactions, and demeanor. See Isuani v. Manske-Sheffield Radiology Grp., P.A. , 805 S.W.2d 602, 607 (Tex. App.-Beaumont 1991, writ denied). He alone can determine the impact of the evidence and weigh the success and force of impeachment by cross-examination through careful observation. Id. It is because of the essential differences between reading the record and presiding over the trial that courts have recognized the narrow, but essential exception to the otherwise relatively free exchange of benches provided for by the rules and the constitution: a judge who did not hear the evidence in a bench trial cannot thereafter read the trial record and then render judgment in the case. See Hull , 365 S.W.3d at 42 ; Banks , 783 S.W.2d at 786.
Shahin argues that authority for Judge Moyé's actions can be found in section 30.002(b) of the Texas Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM. CODE ANN. § 30.002(b) (West 2015). We disagree. Section 30.002(b) states "[i]f a district or county judge dies before he approves the statement of facts and bill of exceptions or files findings of fact and conclusions of law in a case pending at his death, they may be approved or filed by the judge's successor as provided by Rule 18, Texas Rules of Civil Procedure." This section does not authorize a judge to render judgment following a bench trial over which he did not preside. Under a plain reading of the statute, section 30.002(b) grants authority only to a judge's successor to approve or file findings of fact and conclusions of law. Id. Judge Moyé did not succeed Judge Brown on the bench, but merely conducted some of the business of her court. Therefore, neither the judgment he rendered nor the findings of fact and conclusions of law he filed were authorized by this statute.
Shahin also points to our opinion in U.S. Bank, National Ass'n v. American Realty Trust, Inc. , 275 S.W.3d 647 (Tex. App.-Dallas 2009, pet. denied). In U.S. Bank , the trial judge conducted a bench trial, rendered final judgment, and signed extensive findings of fact and conclusions of law. Id. at 650-51. Before the parties filed all their post-judgment motions, the trial judge left the bench and was succeeded by a new judge who heard the defendant's motion to modify or amend the final judgment or, alternatively, for a new trial. Id. The new judge amended the final judgment and findings of fact and conclusions of law because he did not believe the plaintiffs established causation for their fraud claim. Id. at 650. On appeal, we held the trial court properly modified the judgment because no evidence supported the original trial judge's findings on causation. Id. at 654.
U.S. Bank is not controlling here for several reasons. First, the successor judge in U.S. Bank did not render judgment in the first instance, but merely ruled on a post-judgment motion. Second, the ruling made by the successor judge did not require him to evaluate witness credibility. Id. at 654 n.2. He made a purely legal determination much as we do when reviewing the sufficiency of the evidence on appeal.
*338 Finally, the parties in U.S. Bank did not challenge the new trial judge's authority to amend the judgment and, therefore, the issue was not addressed. Id.
This final distinction brings us to the issue of whether Judge Moyé's authority to render judgment in this case is a jurisdictional matter requiring us to address it sua sponte. Earlier cases, including one from this Court, have suggested the issue is not jurisdictional and can be waived. See Noell , 431 S.W.3d at 702 ; Hanks v. Smith , 74 S.W.3d 409, 410 n.2 (Tex. App.-Tyler 2001, pet. denied). Recently, however, the Texas Supreme Court issued its opinion in Ad Villarai, LLC v. Chan Pak , 519 S.W.3d 132 (Tex. 2017). In Chan Pak , the court addressed both the authority of a successor judge to make findings of fact under rule 18 and whether the appellant was required to preserve error below to challenge the trial judge's authority on appeal. Id. at 136-37. The supreme court held rule 18 did not authorize the successor judge to make findings in that case because the prior judge did not "die, resign, or become unable to hold court" due to a disability as required by the rule. Id. at 138-40.[2] More importantly, the court further held the appellant was not required to preserve error because the findings made by the successor judge were void. Id. at 137. The court reasoned that, absent authorization by rule 18, the judge had "no power or jurisdiction" to make the findings and a party is not obligated to object to a trial court's void actions. Id.
There is no rule which allows rendition of a judgment following a bench trial by a judge who has heard no evidence. Because Judge Moyé had no "power or jurisdiction" to render judgment, the judgment is void. Id. We have no jurisdiction to address the merits of appeals from void judgments. See Freedom Commc'ns, Inc. v. Coronado , 372 S.W.3d 621, 623 (Tex. 2012). We have jurisdiction only to determine the validity of the order or judgment underlying the appeal and to make appropriate orders based on that determination. Id. And, we must consider our jurisdiction sua sponte. Id. at 624.
In supplemental briefing, appellants urge us to render judgment in favor of Kolothody based on Judge Brown orally granting a judgment in his favor during the bench trial. Appellants argue Judge Brown "rendered judgment" in favor of Kolothody, so Judge Moyé was authorized to sign a written judgment memorializing that ruling and we may render the judgment Judge Moyé should have rendered under rule 43.3 of the Texas Rules of Appellate Procedure. We do not agree.
Judge Brown's ruling in favor of Kolothody was intrinsically interlocutory in nature. See N.E. Indep. Sch. Dist. v. Aldridge , 400 S.W.2d 893, 895 (Tex. 1966) ; Bendele v. Gonzalez , No. 04-96-00790-CV, 1998 WL 62805, at *3 (Tex. App.-San Antonio Feb. 18, 1998, no pet.) (mem. op., not designated for publication). Even assuming Judge Moyé could have properly signed a judgment memorializing that ruling, which we do not decide, that judgment would have been interlocutory as well. Absent statutory authority, this Court has no jurisdiction to review an interlocutory ruling. See Qwest Commc'ns Corp. v. AT&T Corp. , 24 S.W.3d 334, 336 (Tex. 2000).
Because we conclude the judgment rendered by Judge Moyé is void, we have no jurisdiction to consider the merits of this appeal. Accordingly, we set aside the judgment, remand the case to the trial court *339 for further proceedings, and dismiss the appeal.

In Fortenberry , the judge who presided over the bench trial wrote a letter to the lawyers for both parties setting out his decision and the reasons for it. Fortenberry , 545 S.W.2d at 43. The trial judge died before rendering final judgment. A visiting judge signed the final judgment, the provisions of which were "in harmony with" the letter sent by the trial judge. Id. The appellant argued the judgment should be reversed "in the interests of justice" because the judge who "entered judgment" was not the judge who tried and decided the case. The Waco court concluded, without analysis, that there was no error. Id. The court appears to have relied on rule 18 and the fact that the judgment rendered by the visiting judge was the same as the "proposed decision" made by the judge who heard the evidence, a circumstance not presented here. To the extent Fortenberry can be read to hold that rule 18 authorizes a judge to render judgment in a case following a bench trial where she did not hear the evidence, we decline to follow it.

This appears to overrule the supreme court's opinion in Porter v. Vick , (previously overruled on other grounds) which cites rule 18 as granting authority to a visiting judge handling another judge's overflow docket. See Porter , 888 S.W.2d at 790.