**Judgment Set Aside, Cause Remanded, Appeal Dismissed; Opinion Filed July 18, 2018.**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-17-00878-CV**

**T. CHRISTIAN COOPER, Appellant**
**V.**
**SANDERS H. CAMPBELL/RICHARD T. MULLEN, INC. D/B/A THE MULLEN COMPANY, Appellee**

**On Appeal from the 162nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-12-15127**

## MEMORANDUM OPINION

Before Justices Lang-Miers,[1] Evans, and Schenck
Opinion by Justice Evans

In this appeal, appellant T. Christian Cooper challenges the trial court's final judgment which denied equitable forfeiture. On our own motion, we requested that the parties submit additional briefing on the issue of this Court's jurisdiction. After reviewing the requested briefing, the record, and applicable law, we conclude the trial court's judgment below is void and we have no jurisdiction to consider the merits of this appeal. Accordingly, we set aside the judgment, remand the cause to the trial court for further proceedings, and dismiss the appeal.

---

[1] Justice Francis substituted in for Justice Lang-Miers at oral argument only. Justice Lang-Miers has read the briefs, listened to the recording of the oral argument, and reviewed the record.

# BACKGROUND

We provided a detailed recitation of the facts in our prior opinion and do not recount them here. *Cooper v. Campbell*, No 05-15-00340-CV, 2016 WL 4487924, at *1–3 (Tex. App.—Dallas 2016, no pet.). In the first appeal, the parties challenged the trial court's rulings on: (1) Cooper's motions for directed verdict, judgment notwithstanding the verdict, and to modify the final judgment or for new trial and (2) appellee Sanders H. Campbell/Richard T. Mullen, Inc. d/b/a the Mullen Company's (Mullen Co.) motion to modify final judgment or for new trial. *Id.* at *4. This Court concluded as follows:

> The trial court did not err when it denied Cooper's motions for directed verdict, judgment notwithstanding the verdict, and to modify the final judgment or for new trial on the Mullen Co.'s promissory note claim. This part of the trial court's final judgment is affirmed.
>
> However, the trial court erred when it denied the motion to modify the final judgment or for new trial filed by Mullen Co. on the issue of equitable forfeiture. The portion of the trial court's final judgment granting equitable forfeiture and reducing the Mullen Co.'s total recovery by $519,300 is reversed and the claim is remanded to the trial court for further proceedings consistent with this opinion.
>
> Finally, the trial court erred when it granted, in part, Cooper's motion for directed verdict on the Mullen Co.'s claim seeking an accounting. Accordingly, that ruling of the trial court is reversed and that claim is remanded for further proceedings consistent with this opinion.
>
> Accordingly, the trial court's final judgment is affirmed, in part, and reversed and remanded, in part.

*Id.* at *14. This Court specifically concluded that,

> Cooper did not identify or brief in the trial court the requirement that the trial court conclude there was a "clear and serious" breach of duty as a predicate to assessing a sum that should be awarded as an equitable forfeiture. Cooper does not cite to anything in the record, nor can we find anything in the record, to show that in the fashioning of the equitable forfeiture award the trial court considered the "principles" or "factors" enumerated in *ERI Consulting*.

*Id.* at *13. Accordingly, this Court remanded the forfeiture claim to the trial court for consideration of the factors described by the Texas Supreme Court in *ERI Consulting Eng'r, Inc. v. Swinnea*, 318 S.W.3d 867, 874 (Tex. 2010). *Id.*

Prior to the remand, the trial judge, the Honorable Phyllis Lister Brown, passed away. The Honorable Maricela Moore took the bench of the 162nd Civil District Court and became responsible for this case. On June 1, 2017, the trial court held a hearing to address the issues of equitable forfeiture and the accounting. During the hearing, the trial court requested a courtesy copy of the trial transcript because she did not have one to refer to when reading the briefs submitted by the parties. The parties did not present any additional evidence at the hearing or at any other time following remand to the trial court. Nor is there any indication in the record that the parties agreed to submit the issues Judge Moore had to decide on an agreed statement of facts. On June 21, 2017, the trial court issued findings of fact and conclusions of law which included the following findings of fact:

> 1. In connection with Mullen's failure (found by the jury) to comply with its fiduciary duty to Cooper in connection with the settlement of litigation with Newnan Crossing Partnership, the Court considered the gravity and timing of the breach, the level of intent or fault, whether Cooper received any benefit from Mullen despite the breach, the centrality of the breach to the scope of the fiduciary relationship, any other threatened or actual harm to Cooper, the adequacy of other remedies, and whether forfeiture fits the circumstances and will work to serve the ultimate goal of protecting the relationship of trust.
>
> 2. The Court finds that Mullen did not commit a clear and serious breach of his fiduciary duty owed to Cooper.
>
> 3. Mullen does not assert that the loan by Newnan Crossing Partnership to Cooper gives rise to a claim against Cooper for breach of the Joint Venture Agreement. Rather, Mullen seeks an accounting as an independent cause of action.

The trial court concluded that Cooper was not entitled to equitable forfeiture. On June 21, 2017, the trial court also rendered a final judgment upon remand which ordered that Cooper take

nothing upon his claim for equitable forfeiture. On July 17, 2017, Cooper filed a notice of appeal which appealed the trial court's final judgment signed on June 21, 2017.

## ANALYSIS

Whether a forfeiture should be imposed must be determined by the trial court based on the equity of the circumstances. *See Burrow v. Arce*, 997 S.W.2d 229, 245 (Tex. 1999); *Cooper*, 2016 WL 4487924, at *10. Certain matters may present fact issues for the jury to decide, such as whether or when the alleged misconduct occurred, the fiduciary's mental state and culpability, the value of the fiduciary's services, and the existence of harm to the principal.[2] *See Dernick Res., Inc. v. Wilstein,* 471 S.W.3d 468, 482 (Tex. App.—Houston [1st Dist.] 2015, pet. denied). Following resolution of those factual disputes, the trial judge, not the jury, then determines whether there was a "clear and serious" breach of duty. *Id*. The trial judge should consider such factors as: (1) the gravity and timing of the breach; (2) the level of intent or fault; (3) whether the principal received any benefits from the fiduciary despite the breach; (4) the centrality of breach to the scope of the fiduciary relationship; (5) any other threatened or actual harm to the principal; (6) the adequacy of other remedies; (7) whether forfeiture fits the circumstances and will work to serve the ultimate goal of protecting relationships of trust. *See ERI Consulting Eng'r, Inc.*, 318 S.W.3d at 875. In *ERI Consulting*, the Texas Supreme Court held that there was no indication in the record

---

[2] As stated in Judge Moore's Findings of Fact and Conclusions of Law, the following facts were determined by the jury:

> 1. The Jury in response to Question 12 failed to find that Mullen complied with its fiduciary duty to Cooper in connection with the settlement of litigation with Newnan Crossing Partnership.
>
> 2. The Jury in response to Question 13 found that Mullen's profit in connection with the settlement of the litigation with Newnan Crossing Partnership was $140,000.
>
> 3. The Jury found in response to Question 14 that no damages were caused to Cooper by Mullen's failure to comply with its fiduciary duty.

that the trial court followed the factors listed above for determining whether there was a "clear and serious" breach of duty. *Id.* Accordingly, the Supreme Court remanded the case to the trial court "for consideration of these factors." *Id.*

Similarly, here, this Court remanded this case to the trial court for the judge, not a jury, to consider the *ERI Consulting* factors. Essentially, this case required a bench trial on the discrete issue of equitable forfeiture. Upon remand, the trial judge conducted a hearing to address the issues of equitable forfeiture and the accounting. The judge who conducted the hearing upon remand, however, was not the same judge who presided over the trial. As stated above, Judge Moore issued findings of fact and rendered a final judgment on remand solely based upon the argument of counsel and the evidence from the trial. Although Judge Moore was the judge who had to make the determination, she did not conduct an evidentiary hearing on the forfeiture claim and there is no indication in the record that this case was submitted to her on an agreed statement of facts. *See* TEX. R. CIV. P. 263.

We have recently addressed a similar situation and held that:

> A judge may also make substantive legal decisions in a case where he did not preside over some or all of the trial so long as the decision does not require the judge to find facts based on evidence he has not heard. Importantly, a common element in these cases is that the fact issues presented were determined solely by the trier of fact who heard the evidence.

> All courts that have addressed the issue directly have held the rules of civil procedure do not authorize a judge to render judgment following a bench trial unless he personally heard the evidence on which the judgment is based.

> * * *

> There is no rule which allows rendition of a judgment following a bench trial by a judge who has heard no evidence. Because Judge Moyé had no "power or jurisdiction" to render judgment, the judgment is void. We have no jurisdiction to address the merits of appeals from void judgments. We have jurisdiction only to determine the validity of the order or judgment underlying the appeal and to make appropriate orders based on that determination. And, we must consider our jurisdiction sua sponte.

*Masa Custom Homes, LLC v. Shahin*, 547 S.W.3d 332, 336, 338 (Tex. App.—Dallas 2018, no pet.) (internal citations omitted).

Here, Judge Moore did more than make legal conclusions; she made factual determinations, as our previous opinion stated she had to do, but she based her judgment on evidence that she personally did not hear. As such, the final judgment upon remand is void and we have no jurisdiction to address the merits of this appeal. *Id.* at 338. As we base this decision solely upon the jurisdictional precedent, we do not comment on Judge Moore's conclusions of fact or law or their effect on the resolution of this case following an evidentiary hearing. Nor do we criticize Judge Moore for proceeding promptly with this case in the aftermath of Judge Lister Brown's death.

## CONCLUSION

Because we conclude the judgment rendered by Judge Moore is void, we have no jurisdiction to consider the merits of this appeal. Accordingly, we set aside the judgment, remand the case to the trial court for further proceedings consistent with this and our previous opinions, and dismiss the appeal.

/David Evans/
DAVID EVANS
JUSTICE

170878F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

T. CHRISTIAN COOPER, Appellant

No. 05-17-00878-CV        V.

SANDERS H. CAMPBELL/RICHARD T. MULLEN, INC. D/B/A THE MULLEN COMPANY, Appellee

On Appeal from the 162nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-12-15127.
Opinion delivered by Justice Evans.
Justices Lang-Miers and Schenck participating.

In accordance with this Court's opinion of this date, the trial court's judgment is **SET ASIDE AS VOID**, the cause is **REMANDED** to the trial court for further proceedings, and the appeal is **DISMISSED** for want of jurisdiction.

It is **ORDERED** that each party bear its own costs of this appeal.


Judgment entered this 18th day of July, 2018.