**AFFIRMED; Opinion Filed November 13, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

### No. 05-17-00878-CV
_____

**T. CHRISTIAN COOPER, Appellant**

**V.**

**SANDERS H. CAMPBELL/RICHARD T. MULLEN, INC. D/B/A THE MULLEN COMPANY, Appellee**

**On Appeal from the 162nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-12-15127**

## MEMORANDUM OPINION ON REHEARING

Before Justices Lang-Miers, Evans, and Schenck
Opinion by Justice Evans

Our memorandum opinion in this cause issued on July 18, 2018. Appellee timely moved for rehearing. We grant the motion for rehearing, withdraw our opinion issued July 18, 2018 and vacate the judgment of that date. Based on the supplemental record filed by appellee, we find that we have jurisdiction to consider the merits of this appeal. This is now the opinion of the Court in which we affirm the trial court's judgment.

### I. BACKGROUND

We provided a detailed recitation of the facts in our opinion on the first appeal of this case, so do not recount all the facts here. *See Cooper v. Campbell*, No. 05-15-00340-CV, 2016 WL 4487924, at *1–3 (Tex. App.—Dallas August 24, 2016, no pet.). In the first appeal, Cooper and

appellee Sanders H. Campbell/Richard T. Mullen, Inc. d/b/a the Mullen Company's (Mullen) asserted issues and cross-issues which challenged multiple rulings by the trial court. Collectively, the parties challenged the trial court's rulings on: (1) Cooper's motions for directed verdict, judgment notwithstanding the verdict, and to modify the final judgment or for new trial and (2) Mullen's motion to modify the final judgment or for new trial. *Cooper,* 2016 WL 4487924, at *4. This Court concluded as follows:

> The trial court did not err when it denied Cooper's motions for directed verdict, judgment notwithstanding the verdict, and to modify the final judgment or for new trial on the Mullen Co.'s promissory note claim. This part of the trial court's final judgment is affirmed.
>
> However, the trial court erred when it denied the motion to modify the final judgment or for new trial filed by Mullen Co. on the issue of equitable forfeiture. The portion of the trial court's final judgment granting equitable forfeiture and reducing the Mullen Co.'s total recovery by $519,300 is reversed and the claim is remanded to the trial court for further proceedings consistent with this opinion.
>
> Finally, the trial court erred when it granted, in part, Cooper's motion for directed verdict on the Mullen Co.'s claim seeking an accounting. Accordingly, that ruling of the trial court is reversed and that claim is remanded for further proceedings consistent with this opinion.
>
> Accordingly, the trial court's final judgment is affirmed, in part, and reversed and remanded, in part.

*Id*. at *14. We specifically concluded that,

> Cooper did not identify or brief in the trial court the requirement that the trial court conclude there was a 'clear and serious' breach of duty as a predicate to assessing a sum that should be awarded as an equitable forfeiture. Cooper does not cite to anything in the record, nor can we find anything in the record, to show that in the fashioning of the equitable forfeiture award the trial court considered the 'principles' or 'factors' enumerated in *ERI Consulting*.

*Id*. at *13. Accordingly, this Court remanded the forfeiture claim to the trial court for consideration of the factors explained by the Texas Supreme Court in *ERI Consulting Eng'r, Inc. v. Swinnea*, 318 S.W.3d 867, 874 (Tex. 2010). *Id.*

Prior to the remand of the first appeal, the trial judge, the Honorable Phyllis Lister Brown, passed away. The Honorable Maricela Moore took the bench of the 162nd Civil District Court to

which this case was assigned. The supplemental clerk's record filed after we issued our now-withdrawn opinion contains the trial court's May 1, 2017 notice of jury trial set for June 1, 2017. The supplemental record also contains the parties' Rule 11 agreement filed on May 26, 2017 which provided as follows:

> We write jointly to propose an approach for the June 1 hearing in the above-referenced matter. First, the trial record contains all necessary evidence for the court's resolution of the equitable forfeiture and accounting issues. Thus, although previously there was discussion of an evidentiary hearing, the parties will not introduce any new evidence at the hearing, but rather will rely on the evidence presented at trial. The parties propose to limit the hearing to oral argument. We propose two hours total, with each party having one hour. Second, we propose to submit briefing by 12 pm noon on Wednesday, May 31, the day before the hearing. We believe the briefing may aid the Court in making its decision.

On June 1, 2017, the trial court conducted a non-jury, final hearing to resolve the issues of equitable forfeiture and the accounting. During the hearing, the trial court requested a courtesy copy of the trial transcript because she did not have one to refer to when reading the briefs submitted by the parties. On June 21, 2017, the trial court issued findings of fact and conclusions of law which included the following findings of fact:

1. In connection with Mullen's failure (found by the jury) to comply with its fiduciary duty to Cooper in connection with the settlement of litigation with Newnan Crossing Partnership, the Court considered the gravity and timing of the breach, the level of intent or fault, whether Cooper received any benefit from Mullen despite the breach, the centrality of the breach to the scope of the fiduciary relationship, any other threatened or actual harm to Cooper, the adequacy of other remedies, and whether forfeiture fits the circumstances and will work to serve the ultimate goal of protecting the relationship of trust.

2. The Court finds that Mullen did not commit a clear and serious breach of his fiduciary duty owed to Cooper.

3. Mullen does not assert that the loan by Newnan Crossing Partnership to Cooper gives rise to a claim against Cooper for breach of the Joint Venture Agreement. Rather, Mullen seeks an accounting as an independent cause of action.

The trial court concluded that Cooper was not entitled to equitable forfeiture. On June 21, 2017, the trial court also rendered a final judgment upon remand which ordered that Cooper take

nothing upon his claim for equitable forfeiture.  On July 17, 2017, Cooper filed a notice of appeal regarding the trial court's final judgment signed on June 21, 2017.

## II.  ANALYSIS

In our now-withdrawn opinion, we concluded we did not have jurisdiction in part because the new judge had not heard any evidence but had to make factual decisions.  *See Masa Custom Homes, LLC v. Shahin*, 547 S.W.3d 332, 336, 338 (Tex. App.—Dallas 2018, no pet.).  Based on the supplemental record filed by appellee, we now conclude we have jurisdiction to consider the merits of this appeal because the rule 11 agreement filed on May 26, 2017 adequately complies with rule 263.  *See* TEX. R. CIV. P. 263 ("Parties may submit matters in controversy to the court upon an agreed statement of facts filed with the clerk, upon which judgment shall be rendered as in other cases; and such agreed statement signed and certified by the court to be correct and the judgment rendered theron shall constitute the record of the cause.").  Courts have held that "if the parties stipulate all the facts of an action, though they are not in strict compliance with the rule, the stipulation may be treated as a submission upon an agreed statement."  *See Lambda Constr. Co. v. Chamberlin Waterproofing and Roofing Sys., Inc.*, 784 S.W.2d 122, 125 (Tex. App.—Austin 1990, writ. denied); *see also State Farm Lloyds v. Kessler*, 932 S.W.2d 732, 735 (Tex. App.—Fort Worth 1996, writ denied).  Here, the rule 11 agreement was sufficient to comply with the requirements of rule 263 because the parties did not have any dispute as to material facts.

In five issues, Cooper appeals the final judgment as follows:  (1) the trial court abused its discretion by failing to consider evidence in the record and to analyze the forfeiture factors; (2) the trial court abused its discretion to find Mullen's breach of fiduciary duties was not clear and serious; (3) the trial court erred in denying equitable forfeiture on the basis that Cooper did not specifically plead it as a remedy in his counterclaims; (4) this Court should render judgment

awarding equitable forfeiture; and (5) if the court declines to order equitable forfeiture of the entire judgment, it should order equitable forfeiture of thirty percent of the judgment.

### A. Standard of Review

Both parties agree that the granting or denial of equitable relief lies within the sound discretion of the trial court. *Wagner & Brown, Ltd. v. Sheppard*, 282 S.W.3d 419, 428–29 (Tex. 2008). We will not disturb a trial court's ruling on a claim seeking equitable relief unless it is arbitrary, unreasonable, and unsupported by guiding rules and principles. *Edwards v. Mid-Continent Office Distrib., L.P.*, 252 S.W.3d 833, 836 (Tex. App.—Dallas 2008, pet. denied). If the evidence is sufficient to support the trial court's findings and conclusions, the trial court did not abuse its discretion. *Id.*

### B. Equitable Forfeiture Factors

In his first issue, Cooper asserts two main arguments: (1) the trial court abused its discretion in denying his request for equitable forfeiture because the trial court's findings of fact and conclusions of law did not include any findings of fact regarding any of the factors and did not mention any facts in the case or apply legal authorities, and (2) the trial court abused its discretion because it made its decision prior to receiving the trial transcript and other documents.[1] We disagree.

Cooper first argues that the trial court did not make any findings of fact regarding the equitable forfeiture factors, did not mention any facts in the case, explain how the factors applied to the facts, or cite any legal decisions applying the forfeiture factors. As an initial matter, we note that the trial court listed all seven equitable forfeiture factors required by the Supreme Court in *ERI Consulting Engineer,* 318 S.W.3d at 874–75 in its findings of fact and stated it considered

---

[1] Cooper also raises a third sub-issue: the trial court abused its discretion to the extent it based its decision on Cooper's failure to specifically plead the remedy of equitable forfeiture in his counterclaims and not on an analysis of the equitable forfeiture factors. As this issue overlaps with the third issue, we discuss this sub-issue below.

them. In addition, the hearing transcript indicates that the trial court discussed with counsel these factors during final hearing held on June 1, 2017. A trial court is not required to set out in detail every reason or theory by which it arrived at its final conclusions. *See Associated Tel. Directory Publishers, Inc. v. Five D's Publ'g Co., Inc.*, 849 S.W.2d 894, 901 (Tex. App.—Austin 1993, no writ) (trial court did not err in declining to file additional findings of fact because defendant was seeking explanations for how trial court reached its original findings and what evidence it relied upon); *Guaranty Bond State Bank v. Tucker*, 462 S.W.2d 398, 404–05 (Tex. App.—Dallas 1970, writ ref'd n.r.e.) (after bench trial, pursuant to party's proper and timely requests, trial court required to make findings on controlling or ultimate issue in the case, not evidentiary matters or undisputed facts). There is no indication in the record that Cooper requested additional or amended findings of fact or conclusions of law from the trial court. Cooper had ten days after the filing of the original findings to request additional findings of fact related to ultimate or controlling issues. *See id.*; TEX. R. CIV. P. 298. Based on all of the above, we overrule Cooper's first argument.

In his second argument supporting the first issue, Cooper argues that the trial court abused its discretion because it decided the equitable forfeiture issue without having received or reviewed the trial transcript, proposed findings of fact and conclusions of law, and the submissions of relevant case law. Cooper bases this conclusion solely upon its assertion that the trial court's decision to release the deposit on June 1, 2017 necessarily meant that the trial court had already decided the equitable forfeiture issue. We disagree.

The transcript from the hearing on May 1, 2017 contains the trial court's decision that it will "release the funds 30 days from today." When the parties attended the equitable forfeiture final hearing on June 1, 2017, counsel for Mullen reminded the trial court of its prior statement. The trial court then signed the Order to Release Deposit in Lieu of Supersedeas Bond on June 1, 2017, as it had previously agreed to do. Cooper also argues that releasing the deposit prior to a

determination on the issue of the equitable forfeiture issue "would be both inefficient and potentially inequitable because, absent a final determination of the amount, if any, of the equitable forfeiture, it was impossible to determine how much, if anything, Mr. Cooper owed." Cooper concedes, however, that had the trial court decided that Cooper was entitled to equitable forfeiture in full, then the deposit released to Mullen on June 1, 2017 would simply need to be returned.

Here, the trial court proceeded in accordance with its previously-stated decision on the schedule it announced. Further, we note that the trial court did not sign its findings of fact and conclusions of law until June 21, 2017, almost three weeks after the hearing, and well after the court had received copies of the trial transcript and relevant case law.[2] In addition, both the final judgment upon remand and the trial court's findings of fact and conclusions of law state that the trial court considered the "evidence at trial and the argument of counsel." Accordingly, we cannot conclude that "by releasing the deposit on June 1, 2017, the day of the final hearing, the trial court indicated it already had decided the equitable forfeiture issue" and we overrule Cooper's second argument supporting this issue. Accordingly, we overrule Cooper's first issue.

## C.  Breach of Fiduciary Duty

In his second issue, Cooper asserts that the trial court abused its discretion in concluding that Mullen's breach of its fiduciary duties was not clear and serious.[3] Cooper further argues that the *ERI Consulting* equitable forfeiture factors all weigh heavily in favor of equitable forfeiture of the entire judgment.

In our opinion on the first appeal, we pointed out that some facts are required to be found by a jury, including whether the breach of fiduciary duty resulted in damages to the principal.

---

[2] In the June 1, 2017 hearing transcript, counsel for Cooper offered to provide the trial court with copies of the transcript on June 1, 2017.

[3] The trial court concluded that "Mullen did not commit a clear and serious breach of his fiduciary duty owed to Cooper."

*Cooper*, 2016 WL 4487924, at *10. Our opinion then directed that the judge, not the jury, "must determine: (1) whether the fiduciary's conduct was a 'clear and serious' breach of duty to the principal; (2) whether any monetary sum should be forfeited; and (3) if so, what the amount should be." *Id.* Our opinion stated seven factors the trial court should consider to decide whether the fiduciary breach was clear and serious, and pointed out "forfeiture is not justified in every instance in which a fiduciary violates a legal duty because some violations are inadvertent or do not significantly harm the principal." *Id.* (citing *Burrow v. Arce*, 997 S.W.2d 229, 241 (Tex. 1999) ("Some violations are inadvertent or do not significantly harm the client." quoting RESTATEMENT (THIRD) OF THE LAW GOVERNING LAWYERS § 49 cmt. b (1996)); *Dernick Res., Inc. v. Wilstein*, 471 S.W.3d 468, 482 (Tex. App.—Houston [1st Dist.] 2015, pet. denied) ("Forfeiture is not justified in every instance in which a fiduciary violates a legal duty because some violations are inadvertent or do not significantly harm the principal.")).[4]

Mullen argues that one of the factors that a trial judge should consider is "whether or not the breach of trust occasioned any loss." Mullen argues that the facts described below alone justify the trial court's decision that Mullen's failure to fulfill its fiduciary duty in connection with its settlement with the partnership did not constitute a "clear and serious breach of fiduciary duty."

As noted in this Court's prior opinion, the breach at issue in this case involves Cooper's counterclaim for breach of fiduciary duty. In regard to this issue, the essential facts are as follows: (1) Mullen executed a management agreement with Newnan Crossing; (2) Cooper and Mullen were part of a joint venture which gave Cooper a 30% ownership interest in the Newnan Crossings investment; (3) Cooper borrowed $600,000 from Newnan Crossing for a separate deal with The

---

[4] Our opinion stated the factors as, "(1) the gravity and timing of the breach; (2) the level of intent or fault; (3) whether the principal received any benefit from the fiduciary despite the breach; (4) the centrality of the breach to the scope of the fiduciary relationship; (5) any other threatened or actual harm to the principal; (6) the adequacy of other remedies; and (7) whether forfeiture fits the circumstances and will work to serve the ultimate goal of protecting relationships of trust." *Cooper*, 2016 WL 4487924, at *10.

PNL Companies and executed a promissory note to Newnan Crossing; (4) Cooper received distributions in the amounts of $1,388,959.57, $14,389, and $30,000 but did not apply any distributions toward repayment of the note; (5) Newnan refused to pay approximately $1.8 million in management fees pursuant to the management agreement; (6) Mullen sued Newnan Crossing to recover the management fees; and (7) Mullen and Newnan Crossing settled their claims and Mullen agreed to dismiss its claims against Newnan Crossing regarding the management agreement in exchange for $300,000 and an assignment of any causes of action that Newnan Crossing may have had against the joint venture or Cooper. *Cooper*, 2016 WL 4487924, at *2. Mullen then sued Cooper for damages and asserted a claim on the promissory note as assignee of the $600,000 note. *Id.* In his counterclaim, Cooper alleged that Mullen, as partner in the Cooper/Mullen joint venture, did not consult with him about the settlement made between Mullen, as party to the management agreement, and Newnan Crossing, or obtain his approval to the terms of the settlement agreement as required by the Cooper/Mullen joint venture. *Id.* at 3. The jury found in favor of Cooper on his counterclaim for breach of fiduciary duty but awarded no damages. *Id*.

Following the remand of the first appeal, at the final hearing on equitable forfeiture the trial court discussed the *ERI Consulting* equitable forfeiture factors. For example, the trial judge stated on the record her recognition that an equitable forfeiture award required more than breach of fiduciary duty as found by the jury, it requires the breach to be clear and serious:

> [Trial Court]: I just wanted to be really clear, though, that what I feel like is being argued is, because the note was obtained as a result of a breach of a fiduciary duty, Mr. Mullen should disgorge the note completely. But that's not the law. It --it -- that is just not the way it works under Texas law.
>
> And I can't ignore the fact that there are -- there are factors. There is a finding of clear and serious, which means this is not just like any other breach. It has to be more than that for me to award the relief that's being sought.

Mullen is correct that the jury's determination that Cooper was not damaged by Mullen's breach of fiduciary duty supports the trial court's determination that the fiduciary breach was not clear and serious and did not justify forfeiture. *See Cooper*, 2016 WL 4487924, at \*10; *see also Burrow v. Arce*, 997 S.W.2d at 241; *Wilstein*, 471 S.W.3d at 482. Although the lack of trial court findings on the clear and serious factors prevents insight into the trial court's reasoning through the factors, we have already overruled Cooper's complaint about the lack of findings. *See supra* section II.B. And our previous opinion stated, "trial court should consider factors" regarding whether the fiduciary breach was clear and serious—*see supra* n. 4—we did not require findings on each one but instead remanded for consideration of the factors. Cooper, 2016 WL 4487924, at \*13 ("[W]e conclude the claim of forfeiture should be remanded to the trial court for consideration of the factors described by the Texas Supreme Court. *See ERI Consulting*, 398 S.W.3d at 875."). Notwithstanding that lack of specific findings, a trial court does not abuse its discretion when the trial court bases its decision on conflicting evidence, as long as some evidence reasonably supports the trial court's decision. *Miller v. Kennedy & Minshew, Prof'l Corp.*, 142 S.W.3d 325, 339 (Tex. App.—Fort Worth 2003, pet. denied) (citing *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 211 (Tex. 2002)).

Based on the evidence and testimony described above, the trial court considered whether it was appropriate to impose a forfeiture of the promissory note and determined that a decision would not be equitable under these unique circumstances. We will not disturb a trial court's ruling on a claim seeking equitable relief unless it is arbitrary, unreasonable, and unsupported by guiding rules and principles. *Edwards*, 252 S.W.3d at 836. As there is evidence to support the trial court's decision, we conclude that the trial court did not abuse its discretion in determining that Mullen's breach of its fiduciary duties was not clear and serious so we overrule Cooper's second issue.

### D.    Failure to Plead

In the trial court's findings of fact and conclusions of law, it states the following conclusions of law:

> Cooper failed to plead a claim for equitable forfeiture, and a party must plead forfeiture to be entitled to that remedy. The Court cannot grant relief, including equitable forfeiture, that is not requested in a party's pleadings. *Lee v. Lee*, 47 S.W.3d 767, 780 (Tex. App.—Houston [14th Dist.] 2001, pet. denied); *Longaker v.* Evans, 32 S.W.3d 725, 733 n. 2 (Tex. App.—San Antonio 2000, pet. withdrawn). While Mr. Cooper did file a counterclaim for breach of fiduciary duty, he only sought damages.

In his third issue, Cooper argues that the trial court erred as a matter of law to the extent that it based its judgment on this conclusion of law.[5]

Appellate courts review a trial court's conclusions of law as a legal question. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002). The appellant may not challenge a trial court's conclusions of law for factual insufficiency; however, the reviewing court may review the trial court's legal conclusions drawn from the facts to determine their correctness. *Id.* If the reviewing court determines a conclusion of law is erroneous, but the trial court rendered the proper judgment, the erroneous conclusion of law does not require reversal. *Id.*

As stated above, we have already concluded that the trial court did not err in concluding that Mullen did not commit a clear and serious breach of his fiduciary duty owed to Cooper. Thus, the result would be the same—denial of Cooper's equitable estoppel claim— whether or not the trial court relied upon the above-described conclusion of law. Further, even if this Court were to conclude that the trial court's conclusion of law was erroneous, we would not be required to reverse the judgment because we already determined the trial court did not commit harmful error in rendering judgment based on its review of the *ERI Consulting* equitable forfeiture factors and

---

[5] Cooper also raised this issue in the third sub-issue of the first issue. *See supra* n. 1.

determining that Mullen's breach of its fiduciary duties was not clear and serious. Accordingly, we overrule Cooper's third issue.

### E.      Forfeiture of Entire Judgment

In his fourth issue, Cooper argues that the Court should render judgment awarding equitable forfeiture of the entire trial court judgment. In support of the assertion that the Court should render judgment instead of remanding the case, Cooper reasserts the following arguments: (1) the Court has authority to render judgment for Cooper because it failed to apply the *ERI Consulting* factors and based its judgment on the erroneous conclusion of law; (2) the Court should render judgment rather than remand because the trial court "directly contravened this Court's Mandate in failing to consider the equitable forfeiture factors;" and (3) it is appropriate to render judgment because a remand would be futile because the trial court made its decision without considering the record, evidence or the law. As we have already addressed each of these arguments above, we need not repeat our analysis and we overrule Cooper's fourth issue.

### F.      Forfeiture of Portion of Judgment

In his fifth issue, Cooper argues that the Court should, "at a minimum", award him equitable forfeiture of thirty percent of the judgment and thirty percent of the cash Mullen received in the settlement based on the terms of the joint venture agreement. As we have previously held, however, "[w]hether there was a 'clear and serious' breach of duty is the predicate to the determination of whether there should be an equitable forfeiture in any amount." *Cooper,* 2016 WL 4487924, at *11. In section C above, we concluded that the trial court did not abuse its discretion in determining that Mullen's breach of its fiduciary duties was not clear and serious. Accordingly, as there was no clear and serious breach, there was no need for the trial court to determine whether any amount should be forfeited or the amount that should be forfeited. We overrule Cooper's fifth issue.

## III. CONCLUSION

We resolve Cooper's issues against him and affirm the trial court's judgment.


/David Evans/
DAVID EVANS
JUSTICE


170878HF.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

T. CHRISTIAN COOPER, Appellant

No. 05-17-00878-CV     V.

SANDERS H. CAMPBELL, RICHARD T. MULLEN, INC. D/B/A THE MULLEN COMPANY, Appellee

On Appeal from the 162nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-12-15127.
Opinion delivered by Justice Evans.
Justices Lang-Miers and Schenck participating.

We **WITHDRAW** our opinion and **VACATE** our judgment of July 18, 2018.  This is now the judgment of the Court.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee SANDERS H. CAMPBELL, RICHARD T. MULLEN, INC. D/B/A THE MULLEN COMPANY recover its costs of this appeal from appellant T. CHRISTIAN COOPER.


Judgment entered this 13th day of November, 2018.