

IN THE
TENTH COURT OF APPEALS

_____

No. 10-21-00087-CV

IN THE MATTER OF THE MARRIAGE OF
CHRISTI CLARK AND JOHN BARTO CLARK
AND IN THE INTEREST OF E.C., A CHILD

_____

From the 18th District Court
Johnson County, Texas
Trial Court No. DC-D201800181

MEMORANDUM OPINION

John Clark appeals from a judgment that granted a divorce from his wife, Christi, divided their marital estate, confirmed Christi's separate property, and made orders relating to the minor child born of the marriage. In this appeal, Clark complains that the trial court's findings of fact and conclusions of law were void because the trial judge that entered them did not preside over the entire bench trial.[1] Because we find that the findings and conclusions were not void, we affirm the judgment of the trial court.

_____

[1] John's brief did not include any argument or authorities as to his other listed issues. Therefore, to the degree that those issues do not relate to the issue addressed in this opinion, those issues are inadequately briefed and waived, and we will not otherwise address them. *See* TEX. R. APP. P. 38.1(i).

**PROCEDURAL HISTORY**

The first day of the final trial before the trial court was heard by the Hon. John Neill, the elected judge of the district court. Judge Neill heard some testimony from Christi and admitted exhibits into evidence. Judge Neill resigned from the trial court when he was appointed as a justice to this Court.[2] The Hon. Sydney Hewlett was appointed to the trial court to replace Judge Neill. The trial was recommenced many months later with Judge Hewlett presiding. Over the span of two days, Judge Hewlett heard additional evidence from Christi as well as John and other witnesses. Without objection, Judge Hewlett also reviewed the transcript of the part of the trial conducted before Judge Neill. Based on the testimony and evidence presented on all three days of trial, Judge Hewlett granted the divorce, divided the marital estate, confirmed certain property as the separate property of Christi, and made orders regarding conservatorship, possession, and support of the minor child of the marriage. The final judgment was later rendered and signed by Judge Hewlett.

John filed his first Request for Findings of Fact and Conclusions of Law prior to the entry of the final judgment. Out of an abundance of caution, John timely filed a second Request for Findings of Fact and Conclusions of Law pursuant to Rule 296 of the Texas Rules of Civil Procedure and a Request for Findings of Fact and Conclusions of Law pursuant to Family Code Section 6.711 after the judgment was signed. John filed a

---

[2] While a member of this Court, Justice Neill recused himself from participation in this proceeding. Justice Neill has since retired from this Court.

timely Notice of Past Due Findings of Fact and Conclusions of Law and a second Notice of Past Due Findings of Fact and Conclusions of Law based on the later-filed request. Judge Hewlett issued Findings of Fact and Conclusions of Law based on the entirety of the trial, including the evidence from the first day of the trial conducted by Judge Neill.

ISSUE(S) PRESENTED

Although John purports to have raised five issues on appeal, his brief only contains argument as to one issue, which is that the findings of fact and conclusions of law were void because they were entered by Judge Hewlett based in part on testimony given at the trial that was conducted by Judge Neill. Christi did not file a brief with this Court.[3]

In his brief, John argues that the holding in *AD Villarai, LLC v. Chan II Pak*, 519 S.W.3d 132 (Tex. 2017) is dispositive of this issue. In that proceeding, one judge heard all of the evidence in a trial and rendered judgment before leaving office after being defeated in an election. The successor judge, who heard none of the evidence, entered findings of fact and conclusions of law from the trial. The Supreme Court of Texas held that the original trial judge was the proper person to make the findings of fact and the second judge's findings of fact were void. *See Ad Villarai, LLC*, 519 S.W.3d at 140.

In contrast, in this proceeding, the successor judge heard the majority of the

---

[3] Because Christi failed to file a brief, we must treat facts stated in John's brief as true. *See* TEX. R. APP. P. 38.1(g); *Rawlins v. Rawlins*, 324 S.W.3d 852, 854 n.2 (Tex. App.—Houston [14th Dist.] 2010, no pet.). We conduct an independent analysis of John's claims of error, limited to the arguments he raises, to determine if the trial court erred. *See Dillard's, Inc. v. Newman*, 299 S.W.3d 144, 147 (Tex. App.—Amarillo 2008, pet. denied).

evidence prior to ruling and issuing the Findings of Fact and Conclusions of Law. The rules of civil procedure permit a practice in which one judge hears a part of a case and determines some issues while another judge completes the case. *Masa Custom Homes, LLC v. Shahin*, 547 S.W.3d 332, 335 (Tex. App.—Dallas 2018, no pet.); *see* TEX. R. CIV. P. 18; *see also Hull v. S. Coast Catamarans, L.P.*, 365 S.W.3d 35, 41 (Tex. App.—Houston [1st Dist.] 2011, pet. denied). Rule of Civil Procedure 18 authorizes a successor judge to issue findings of fact if the presiding judge "dies, resigns, or becomes unable to hold court during the session of court duly convened for the term." TEX. R. CIV. P. 18. Therefore, we find that the successor judge's Findings of Fact and Conclusions of Law were not void as in *Ad Villarai, LLC*.[4] We overrule this issue.

**CONCLUSION**

Having found no reversible error, we affirm the judgment of the trial court.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Johnson, and
     Justice Smith
Affirmed
Opinion delivered and filed April 19, 2023
[CV06]



---

[4] John does not cite to any authority other than *Ad Villarai, LLC* in support of his argument in his brief to this Court.