**W.C. BANKS, INC. d/b/a Municipal Pipe Service, Appellant,**

v.

**TEAM, INC. d/b/a Allstate Vacuum & Tanks, Inc., Appellee.**

No. 01–88–01078–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 11, 1990.

Constance Y. Singleton, Houston, for appellant.

Robert G. Gibson, Jr., Houston, for appellee.

Before EVANS, C.J., and COHEN and HUGHES, JJ.

## OPINION

COHEN, Justice.

Team, Inc. obtained a judgment against W.C. Banks, Inc. in a suit on a note. Team sued Banks seeking $27,292.72, interest, and an unspecified reasonable attorney's fee. Banks answered and counterclaimed, alleging breach of contract, tortious interference, and fraud and sought actual and punitive damages. Before trial, the court granted an interlocutory judgment against Banks on liability only. No damages were awarded to Team, and Banks' counterclaims were not adjudicated.

On May 23, 1988, the case was tried without a jury by Judge Ben Martinez, a visiting judge, who took the case under advisement without rendering judgment. On June 16, 1988, the following docket sheet entry was made: "Judgment for Plaintiff rendered this day. Orders to follow." The docket entry is not signed. On July 25, 1988, Judge Cochran, the regular judge of the 270th District Court, signed a final judgment for Team of $26,627.04, plus interest and attorney's fees of $9,000.00. The judgment provided that Banks take nothing on its counterclaim. No findings of fact, conclusions of law, or statement of facts is before us.

Banks moved for a new trial, asserting it had been denied due process because Judge Cochran decided all issues without hearing any evidence. Judge Cochran denied the motion. No statement of facts of that hearing is before us. The docket entry on the hearing date of the motion states: "Hearing on MNT—court will verify rulings w/ Judge Martinez."

Banks contends that Judge Martinez never rendered judgment in the case; there-

fore, Judge Cochran's signing the judgment constituted rendition, and such rendition was error because Judge Cochran had presided over none of the trial. Essentially, Banks says that it was denied a hearing before the judge who decided the case, but had a full hearing before the judge who didn't. Specifically, Banks contends the docket entry was not a rendition of judgment because it did not determine Team's damages or attorney's fees, and it did not adjudicate Banks' counterclaims.

■ Rendition of judgment is the judicial act by which the court declares the decision of the law upon the matters at issue. *Coleman v. Zapp*, 105 Tex. 491, 494, 151 S.W. 1040, 1041 (1912). Rendition occurs when the judge's decision is officially announced, either orally in open court or by signed memorandum filed with the clerk. *Reese v. Piperi*, 534 S.W.2d 329, 330 (Tex.1976); *Comet Aluminum Co. v. Dibrell*, 450 S.W.2d 56, 59 (Tex.1970); *Knox v. Long*, 152 Tex. 291, 295, 257 S.W.2d 289, 292 (1953). After the court has rendered judgment, the subsequent reduction of the rendered judgment to a writing signed by the court is a purely ministerial act by which enduring evidence of the judicial act is recorded. *Knox*, 257 S.W.2d at 292.

■ It is undisputed that Judge Martinez did not render judgment at the end of the trial, but rather took the case under advisement. The next event was the docket entry of June 16, 1988. Team contends the docket notation was Judge Martinez's rendition of judgment. We disagree.

The parties agree that no decision by Judge Martinez was ever announced in open court, and no memorandum was filed with the clerk as his judgment. *See and compare Knox*, 257 S.W.2d at 292; *Formby's KOA v. BHP Water Supply Corp.*, 730 S.W.2d 428 (Tex.App.—Dallas 1987, no writ). Nor is there evidence that the unsigned docket entry was made by Judge Martinez or at his direction. In *Reese v. Piperi*, 534 S.W.2d at 330, the court noted that rendition of judgment requires a *signed* memorandum that decides the issues.

The docket entry here does not state the amount of Team's damages or attorney's fees or the resolution of Bank's counterclaims, and therefore, it does not declare the court's decision on any, much less all, of the matters that remained at issue after the interlocutory judgment was rendered. *See and compare Chandler v. Reder*, 635 S.W.2d 895, 897 (Tex.App.—Amarillo 1982, no writ); *Ex parte Gnesoulis*, 525 S.W.2d 205, 209 (Tex.Civ.App.—Houston [14th Dist.] 1975, no writ). We hold that the docket entry did not constitute rendition of judgment.

■ Judge Cochran's act of signing the final judgment is the only other act that could constitute rendition. Judge Cochran heard no part of the trial, and there is no evidence of any communication from Judge Martinez to Judge Cochran specifying his ruling.

The question is whether Judge Cochran could render judgment, i.e., decide who won and who lost and in what amounts, without having heard any evidence. In *Storrie v. Shaw*, 96 Tex. 618, 75 S.W. 20 (1903), the supreme court held that a judge who had not heard the case could not file findings of fact and conclusions of law. The court stated it would be impossible for a judge' who had not heard the testimony to determine the impression the conflicting evidence had made upon the mind of one who heard it. Therefore, the judge who tried the case should make the findings of fact. *Storrie*, 75 S.W. at 22.

The rules of civil procedure and more recent decisions have arguably weakened the holding in *Storrie*. Rule 330(g) provides:

Where in such counties there are two or more district courts having civil jurisdiction, any judge may *hear* any part of any case or proceeding pending in any said courts *and determine* the same, or may *hear and determine* any question in any case, and any other judge may *complete the hearing and render judgment* in the case.

Tex.R.Civ.P. 330(g) (emphasis added).

■ Team cites no authority that allows a judge to "hear and determine" all of the issues at trial if the judge has heard none

of the evidence. The rule allows a judge to decide after hearing part of a case, but it does not allow a judge to rule after hearing none of it. *Compare Gholson v. Thorn,* 597 S.W.2d 568 (Tex.Civ.App.—Dallas 1980, no writ) (second judge properly signed summary judgment as a ministerial act for first judge, whose signed letter to parties was complete and left nothing for determination); *Fortenberry v. Fortenberry,* 545 S.W.2d 40 (Tex.Civ.App.—Waco 1976, no writ) (successor judge had power to rule where judge died after a non-jury trial, but deceased judge had sent each side a letter setting forth in detail his decision and his reasoning). Nor is this case controlled by *Lykes Bros. S.S. Co. v. Benben,* 601 S.W.2d 418 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.), where Tex.R. Civ.P. 18 was held to allow a successor judge to make findings of fact and conclusions of law without having heard evidence in the case. Rule 18 applies when a judge dies, resigns, or becomes disabled; there is no such evidence here regarding Judge Martinez. Moreover, while rule 18 specifically allows the successor judge to rule on motions pending, it does not allow rendition of judgment by a judge who has heard no evidence.

We conclude that 1) nothing indicates the docket entry was made by or at direction of Judge Martinez; 2) nothing indicates that judgment was pronounced in open court or in a signed memorandum filed with the clerk; 3) even if Judge Martinez properly made the docket entry, it is not a rendition of judgment because it does not award damages or attorney's fees and does not rule on the counterclaims; 4) Judge Cochrans's final judgment is the only "rendition" of judgment, and Judge Cochran had no authority to rule for Judge Martinez, based on the record before us.

Points of error one and two are sustained.

The judgment is vacated, and the cause is remanded for proper rendition of judgment.