Opinion filed September 11, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed September
11, 2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-07-00106-CV 

                                                     __________

 

                  IN THE
INTEREST OF L.K.K. and C.M.K., CHILDREN  


 

 



 

                                  On
Appeal from the County Court at Law No. 3

 

                                                    Montgomery
County, Texas

 

                                          Trial
Court Cause No. 95-11-04634-CV

 



 

                                             M E M O R A
N D U M   O P I N I O N

 

This
appeal arises from a proceeding to modify child support.  The trial court
entered an order raising appellant=s
monthly child support payment amount from $366 to $1,288.41.  Appellant
challenges the trial court=s
order in four issues.  We affirm.

                                                               Background
Facts

The
final decree of divorce entered by the trial court on February 6, 1996, ordered
appellant to pay $366 a month in child support.  The amount of appellant=s court-ordered monthly
child support obligation remained at $366 until the trial court entered the
order raising it to $1,288.41 on February 16, 2007.[1]








On
April 12, 2005, appellee filed her motion to increase the amount of appellant=s child support payments. 
The trial court considered the motion at a hearing that occurred on November 8,
2006.  Appellant did not dispute that he should be paying child support in the
amount of $1,288.41.  However, he sought a credit of $37,225.29 against his
future child support payments.  In this regard, the evidence established that
appellant had paid $37,225.29 in child support more than was required under the
final decree of divorce.  Appellant testified that, as his earnings increased
after the divorce, he voluntarily raised the amount of the child support that
he paid appellee based upon his estimate of what he believed he owed.  The
trial court denied appellant=s
requested credit. 

                                                                         Issues

In
his first issue, appellant argues that the trial court erred in denying his
requested credit of $37,225.29.  In his second issue, he contends that the
trial court=s order
constitutes an impermissible retroactive increase of child support.  In his
third issue, appellant contends that the increased amount of child support set
out in the trial court=s
written order exceeds the modified amount of support orally pronounced by the
trial court.   Appellant complains in his fourth issue that the judge who
signed the written order increasing his child support payments did not have
authority to do so.

                                             Findings
of Fact and Conclusions of Law

As
a preliminary matter, we will address an argument informally presented in
appellant=s brief
concerning the absence of findings of fact and conclusions of law.  It does not
appear that the trial court filed findings even though appellant originally
filed a request for them.  However, the record does not indicate that appellant
filed a notice of past due findings of fact and conclusions of law in
accordance with Tex. R. Civ. P.
297.  The failure to file a notice of past due findings of fact waives the
right to complain about the trial court=s
failure to file findings of fact and conclusions of law.  See Las Vegas
Pecan & Cattle Co. v. Zavala County, 682 S.W.2d 254, 255 (Tex. 1984). 

                                                  Credit
for Voluntary Overpayments

The
trial court=s
rationale for denying appellant=s
requested credit for the overpayments is reflected in the following exchange
between the court and appellant:

THE COURT:  So what you=re
saying is, you started out at one amount, as in the decree, 3 - whatever that
was.

[APPELLANT]:  Right.

THE COURT: And you made more money so you paid more
child support.








[APPELLANT]:
Right.

 

THE
COURT: And if somebody had come to Court, meaning probably hired attorneys
and all that kind of stuff, both of you benefitted because neither one of you
did that.

 

[APPELLANT]:
Right.

 

THE
COURT: You just kept paying extra money, and here we are today, and for the
amount that you were ordered to pay in _96
to now, it appears that you have a $37,000 credit.  But that=s not really the truth,
because had increases been made as your salary increased, that would have
gotten into the $37,000.

 

[APPELLANT]:
It would have gotten some of it, but I don=t
believe all of it.

 

THE
COURT: Okay.  It seems to me that what we need to do is say you paid and
you shouldn=t be
penalized for paying more.  We should start this month at the amount that the
Code says you=re supposed
to pay.[2]

 

[APPELLANT]:
Yes.

 

THE
COURT: That=s what
we=re going to do.

 

Appellant
contends that the trial court=s
refusal to give him credit for the overpayments violates Tex. Fam. Code Ann. ' 154.012 (Vernon 2002), ' 154.014 (Vernon Supp.
2007).  We disagree.  Section 154.014 applies to excess payments made to child
support agencies.  It provides that the agency is  required to apply the
overpayment based upon the expressed intent of the obligor.  If the obligor
does not express an intent, the statute requires the agency to apply the
overpayment as a credit against the obligor=s
future child support obligation.  Section 154.012 provides that an obligor may
recover excess child support payments from the obligee after the child support
obligation has ended. 








 Based
upon the evidence offered at trial, we conclude that Sections 154.014 and
154.012 are  inapplicable.  Appellant voluntarily increased the amount of his
child support payments because his earnings increased.  Under these
circumstances, appellant did not pay excess child support payments.[3] 
As noted by the trial court, appellant should have been paying more child
support because his earnings increased.[4]  Moreover, a
parent may always voluntarily provide more support for a child than is required
by court order. See Lewis v. Lewis, 853 S.W.2d 850, 854 (Tex. App.CHouston [14th Dist.] 1993,
no writ); In re McLemore, 515 S.W.2d 356, 358 (Tex. Civ. App.CDallas 1974, no writ). 
Appellant=s first
issue is overruled.

                                                      No
Retroactive Child Support

Tex. Fam. Code Ann. ' 156.401(b) (Vernon Supp.
2007) prohibits a court from retroactively increasing the amount of an obligor=s child support
obligation.  Appellant contends that the trial court=s order Aeffectively@ violates this prohibition
by denying his requested credit for the payments.  We disagree.  The trial
court only increased the amount of appellant=s
child support prospectively from the date of the hearing.  Additionally, the
trial court did not order appellant to pay any additional sums for past child
support.  Appellant=s
second issue is overruled.

                                                                 Forty-One
Cents

In
his third issue, appellant contends that the trial court orally pronounced that
he should pay future child support in the amount of $1,288 but that the
judgment subsequently entered by the court required him to pay child support in
the amount of $1,288.41.  Thus, this issue involves the sum of an additional
forty-one cents a month in child support payments.

In
orally pronouncing the court=s
judgment, the trial court stated as follows:  AAlright. 
The Court will order that the child support [payment] will be raised to $1,288,
effective November 1st, 2006.@ 
The parties expressly stated the amount of $1,288.41 in advising the court of
the amount of monthly child support appellant should be paying in the future. 
In light of the parties=
agreement that the correct amount of future child support was $1,288.41 and the
de minimis difference between $1,288.00 and $1,288.41, we conclude that
the terms of the judgment do not exceed the amount orally pronounced by the
trial court.  Appellant=s
third issue is overruled.

                                                    Order
Signed by Successor Judge








In
his fourth issue, appellant contends that the judge that signed the written
order was without authority to do so because he was not the judge that presided
over the hearing.  We disagree.  Ordinarily, a judge that does not hear any
evidence in a case is without authority to render judgment.  See W.C. Banks,
Inc. v. Team, Inc., 783 S.W.2d 783  (Tex. App.CHouston [1st Dist.] 1990, no writ).  The judge
that presided over the hearing on the motion to modify child support rendered
judgment in this cause by virtue of his oral pronouncement of the court=s judgment.  Thus, the
subsequent reduction of the orally rendered judgment to a writing signed by the
court was a purely ministerial act.  Dunn v. Dunn, 439 S.W.2d 830, 832
(Tex. 1969); W.C. Banks, Inc., 783 S.W.2d at 784.  In this regard, the
judge that signed the modification order did so after conducting a hearing on
appellee=s  motion for
entry of final orders.  Appellee advised the trial court at this hearing that
her proposed order reflected the ruling announced at the evidentiary hearing. 
Appellee further advised the court that she forwarded a copy of her proposed
order to appellant=s
counsel for review and that opposing counsel did not lodge a complaint about
it.[5] 
We conclude that the judge who signed the final order had authority to perform
this purely ministerial act.  Appellant=s
fourth issue is overruled.

                                                               This
Court=s Ruling

The
judgment of the trial court is affirmed.

 

 

TERRY McCALL

JUSTICE

 

September 11,
2008

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]The effective date of the modified order was November
1, 2006.





[2]Appellant was paying $800 a month in child support at
the date of the hearing.  As noted herein, the trial court increased his child
support payment amount to $1,288.41.





[3]Section 154.014 is also inapplicable because appellant
made his child support payments directly to appellee rather than through a
child support agency.  





[4]The trial court stated as follows to appellant in
orally pronouncing the judgment: AMr.
Koening, I appreciate you trying to take care of business by recognizing that
when you make more the child is entitled to more.  You did that and it was
accepted, so it seems to me that you paid the right amount of child support.@





[5]Appellant did not appear at the hearing for entry of
judgment.