**Opinion issued November 6, 2018**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-17-00618-CV**

**NO. 01-18-00856-CV**

———————————

**THOMAS R. MALONE, Appellant**

**V.**

**PLH GROUP, INC. AND POWER LINE SERVICES, INC., Appellees**

---

**On Appeal from the 295th District Court**
**Harris County, Texas**
**Trial Court Case No. 2015-24766**

---

### O P I N I O N

Appellate courts have an obligation to consider their jurisdiction even if not raised by the parties. We have determined that we have no jurisdiction to consider the merits of this appeal because the parties engaged in a non-jury trial, one trial

judge heard all the contested evidence, and another judge signed the final judgment, making the final judgment void.

We set aside the judgment and remand the case.[1]

## Background

Thomas Malone worked for Power Line Services, Inc. After being terminated without cause, he sought severance pay under the terms of his employment contract. Power Line Services refused to make any severance payments, citing Malone's refusal to sign the severance agreement in the exact form it was presented to him. Malone sued Power Line Services and the related entity, PLH Group (collectively, "Power Line Services"), for breach of contract and other claims. Power Line Services countersued for breach of contract and misappropriation of trade secrets.

In early February 2017, District Judge Caroline Baker presided over a two-day, bench trial. Some five months later, while Judge Baker was still the presiding judge of the district court in which the case was pending, Judge John T. Woolridge signed a final judgment holding that neither party had established their claims and ordering that a take-nothing judgment be entered against all parties. Thereafter,

---

[1] In response to this Court's notice of intent to dismiss the appeal for lack of jurisdiction, appellant, Thomas Malone, filed a petition for writ of mandamus alternatively requesting that we vacate the judgment and remand the case to the trial court for further proceedings. *See* Petition for Writ of Mandamus, *In re Thomas R. Malone*, No. 01-18-00856-CV (Tex. App.—Houston [1st Dist.] filed September 25, 2018). Because we vacate the judgment and remand the case in this appeal, we dismiss the mandamus petition as moot.

Malone requested findings of fact and conclusions of law. Judge Woolridge issued 14 findings of fact and 114 conclusions of law. Malone and Power Line Services appealed.

Malone contends that it was reversible error for Judge Woolridge to issue the final judgment and findings of fact and conclusions of law since Judge Baker presided over the bench trial. In his other issues, Malone contends that the judgment and findings and fact and conclusions of law were erroneously decided and contain fatal conflicts that require reversal. Finally, he contends that the trial court erred in excluding evidence of and failing to award attorney's fees. Power Line Services contends that the trial court erred by denying it equitable, injunctive relief. Neither party has argued a lack of jurisdiction.

## Sharing of Judicial Duties by Two Judges in Same District Court

"The rules of practice and procedure in civil district court allow judges to exchange courts and transfer cases from one court to another." *Masa Custom Homes, LLC v. Shahin*, 547 S.W.3d 332, 335 (Tex. App.—Dallas 2018, no pet.) (citing TEX. R. CIV. P. 330(e)). They also permit a practice in which one judge hears a part of a case and determines some issues while another judge completes the case. *Id.*; *see* TEX. R. CIV. P. 18, 330(g); *see also Hull v. S. Coast Catamarans, L.P.*, 365 S.W.3d 25, 41 (Tex. App.—Houston [1st Dist.] 2011, pet. denied) (stating that more than one judge may exercise authority over single case). For example, in counties with

two or more district courts with civil jurisdiction, Rule 330(g) allows one district judge to hear and determine any question in a case and another district judge to "complete the hearing and render judgment in the case." TEX. R. CIV. P. 330(g). Another example is Rule 18, which authorizes a successor judge to issue findings of fact if the presiding judge "dies, resigns, or becomes unable to hold court during the session of court duly convened for the term." TEX. R. CIV. P. 18.

However, neither the rules nor case law permit one judge to preside over the entire bench trial and a visiting judge, who heard no evidence, to render a judgment based on disputed facts. *See Masa Custom Homes*, 547 S.W.3d at 335–36; *Cooper v. Campbell*, No. 05-17-00878-CV, 2018 WL 3454756, at *3 (Tex. App.—Dallas July 18, 2018, no pet.) (mem. op.). In a bench trial, the presiding judge observes the witnesses' demeanor and weighs the evidence. *Masa Custom Homes*, 547 S.W.3d at 337. Drawing on these observations, the presiding judge, acting as factfinder, determines the facts from the disputed evidence. Another judge exercising a judicial role in the same court is not authorized to render judgment without hearing any of the evidence on which the judgment is based. *W.C. Banks, Inc. v. Team, Inc.*, 783 S.W.2d 783, 785–86 (Tex. App.—Houston [1st Dist.] 1990, no writ) (after all evidence was presented to one judge and another judge rendered judgment, holding that second judge lacked authority to render judgment and noting that Rule 330(g) "allows a judge to decide after hearing part of a case, but it does not allow a judge

to rule after hearing none of it"); *see Hull*, 365 S.W.3d at 41–42 (noting that judge "who heard none of case" is not authorized to render judgment); *Masa Custom Homes*, 547 S.W.3d at 335–36 (discussing scenarios in which judges are permitted to act for another judge in ongoing cases but noting that "common element in these cases is that the fact issues presented were determined solely by the trier of fact who heard the evidence").

Judge Baker presided over the bench trial, but Judge Woolridge entered the final judgment even though Judge Baker remained the presiding judge of the district court. The rules do not permit this action, and the judgment is void.[2] *See Masa Custom Homes*, 547 S.W.3d 335–36; *W.C. Banks*, 783 S.W.2d at 785–86. The question then is whether this is reversible error (as Malone contends) or if, instead, it raises an issue of appellate jurisdiction.

---

[2] There is an analogous rule for issuing findings of fact. In the context of a bench trial in which one judge presided over the trial and then was replaced by another judge through an election, and the second judge issued findings of fact, the Texas Supreme Court recently held that the trial judge who presided over the bench trial was the only judge with the power to file findings of fact. *Ad Villarai, LLC v. Chan Il Pak*, 519 S.W.3d 132, 140–42 (Tex. 2017). The replacement judge "lacked authority to file findings" in a case presided over by the predecessor judge. *Id.* at 137–38. As a result, the second judge's findings were void. *Id.* at 142; *cf. id.* at 135 n.1 (noting that same concerns are not raised by having second judge file legal conclusions). Because the fact findings were void, the party challenging the findings was not required to preserve error through an objection "to the trial court's void actions." *Id.* at 137. Under this analogous rule, the findings of fact issued by Judge Woolridge also are void.

**No Jurisdiction**

Appellate courts are required to consider their jurisdiction sua sponte. *Freedom Commc'ns, Inc. v. Coronado*, 372 S.W.3d 621, 624 (Tex. 2012). And they always have jurisdiction to determine their own jurisdiction. *Houston Mun. Emps. Pension Sys. v. Ferrell*, 248 S.W.3d 151, 158 (Tex. 2007).

The Dallas Court of Appeals has addressed the issue whether an appellate court has jurisdiction over an appeal of a judgment entered by a judge other than the one who received the evidence during the bench trial. *See Masa Custom Homes*, 547 S.W.3d at 338; *Cooper*, 2018 WL 3454756, at *3. In both cases, that court held that the judge who did not receive evidence lacked power to render judgment and that the judgment so rendered was void. *See Masa Custom Homes*, 547 S.W.3d at 338; *Cooper*, 2018 WL 3454756, at *3. And in both cases, the court held that it had no jurisdiction to address the merits of an appeal arising from a void judgment. *Masa Custom Homes*, 547 S.W.3d at 338; *Cooper*, 2018 WL 3454756, at *3; *see Freedom Commc'ns*, 372 S.W.3d at 623 (stating that "appellate courts do not have jurisdiction to address the merits of appeals from void orders or judgments").

Because the judgment entered by Judge Woolridge is void, we conclude that we lack jurisdiction to review the merits of this appeal. *See Masa Custom Homes*, 547 S.W.3d at 338; *Cooper*, 2018 WL 3454756, at *3; *see Freedom Commc'ns*, 372 S.W.3d at 623.

Power Line Services makes two arguments against this conclusion. First, it argues that Judge Woolridge's judgment is not void because Judge Baker rendered judgment orally the month before, making Judge Woolridge's written entry of judgment merely a ministerial task. To support its argument, Power Line Services refers us to a June letter in the record from its counsel to Judge Baker, memorializing recent events, including that counsel had been informed, a couple days earlier, of Judge Baker's decision that all parties take nothing on their claims. This letter is inadequate to establish that Judge Baker rendered judgment.

"Rendition of judgment is the judicial act by which the court declares the decision of the law upon the matters at issue." *W.C. Banks*, 783 S.W.2d at 785. "Rendition occurs when the judge's decision is officially announced, either orally in open court or by signed memorandum filed with the clerk." *Id.* This letter does not establish that either method of rendition occurred. A phone call from court staff four months after trial that informs the parties that the trial court has determined its ruling is not a rendition. On this record, rendition occurred when Judge Woolridge signed the final judgment. And because Judge Woolridge heard no evidence in this case involving disputed facts, the judgment is void. *Masa Custom Homes*, 547 S.W.3d at 338; *Cooper*, 2018 WL 3454756, at *3.

Second, Power Line Services argues that the appeal may be abated under Appellate Rule 27.2 instead of dismissed. We do not agree. Rule 27.2 authorizes an

7

"appealed order that is not final to be modified so as to be made final" and authorizes an appellate court to proceed with an appeal after the modified order is included as a supplement to the record. TEX. R. APP. P. 27.2. This rule concerns a valid order that is not yet final. Here, we have a void judgment and void findings of fact and conclusions of law. Because they are void, each is "entirely null within itself" and "not susceptible of ratification or confirmation." *See Ad Villarai, LLC v. Chan Il Pak*, 519 S.W.3d 132, 137 (Tex. 2017) (quoting *Easterline v. Bean*, 49 S.W.2d 427, 429 (Tex. 1932)). Rule 27.2 does not apply.

The final judgment underlying this appeal is void. Accordingly, we do not have jurisdiction to consider the merits.

### Conclusion

We set aside the trial court's judgment, remand the case to the trial court for further proceedings, and dismiss the appeal. All pending motions are denied.


Harvey Brown
Justice

Panel consists of Chief Justice Radack and Justices Brown and Caughey.

8