**Opinion issued January 9, 2024**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-22-00965-CV

————————————

**C.M.C., Appellant**

**V.**

**TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES,
Appellee**

---

**On Appeal from the 246th District Court
Harris County, Texas
Trial Court Case No. 2021-06258**

---

# O P I N I O N

In January 2021, C.M.C. initiated a bill-of-review proceeding to challenge a June 2017 order terminating her parental rights. The Texas Department of Family and Protective Services successfully sought summary judgment based on section 161.211(a) of the Texas Family Code, which generally provides that the validity of

an order terminating parental rights "is not subject to collateral or direct attack after the sixth month after the date the order was signed." C.M.C. appeals. We agree with the trial court that section 161.211(a)'s time bar applies but conclude that the bar is jurisdictional. Accordingly, we set aside the trial court's summary judgment and render a judgment dismissing C.M.C.'s claims for lack of subject-matter jurisdiction.

## BACKGROUND

In December 2014, the Department petitioned to terminate C.M.C.'s parental rights with respect to the child at issue. C.M.C. filed an answer that same month.

The trial court signed a decree terminating C.M.C.'s parental rights in June 2017. C.M.C. appealed from the trial court's decree, and we affirmed. *In re T.C.*, No. 01-17-00497-CV, 2018 WL 4126600, at *1 (Tex. App.—Houston [1st Dist.] Aug. 30, 2018, pet. denied) (mem. op.). C.M.C. filed a petition for discretionary review in February 2019, which the Supreme Court of Texas denied in March 2019.

After termination, in October 2019, the child was adopted by another family.

In January 2021, C.M.C. petitioned for a bill of review. In her petition, she seeks to set aside the June 2017 termination order. C.M.C. alleges that the Department obtained the order by fraud. C.M.C. further alleges that the trial-court judges involved in the termination proceeding conspired with both the Department and her own appointed lawyers to perpetrate this fraud against her, which rendered the termination proceeding a sham. Thus, C.M.C. argues, the order is void.

2

Due to a mishap involving the retirement of a lawyer, the Department did not timely answer the bill-of-review proceeding. C.M.C. sought a default judgment.

In May 2022, the trial court held a hearing on C.M.C.'s request for the entry of a default judgment. As the Department had not yet appeared, it did not attend the hearing. C.M.C., appearing pro se, presented argument in favor of her request for the entry of a default judgment. At the end of the hearing, the trial court did not make a ruling. Instead, the trial court merely advised that a ruling would be forthcoming, stating: "The Court is going to take your testimony into consideration and I will enter the rendition and have my coordinator e-mail the rendition out to you, okay?"

In July 2022, the trial court sent C.M.C. a letter setting forth its findings, granting the petition for a bill of review, and setting aside the termination order. (This letter is not included in the record on appeal. But there does not appear to be any disagreement about its basic contents or the date when the trial court sent it.)

That same month, less than a week later, the Department appeared. Having learned of its mishap, the Department moved to set aside the default judgment. And, in September 2022, the trial court signed an order setting aside its default judgment.

In November 2022, the Department moved for traditional summary judgment on the basis of section 161.211(a) of the Texas Family Code, which the Department characterized below (and continues to characterize on appeal) as a statute of

limitations. The Department argued that section 161.211(a) requires any attack on a termination decree to be made within six months of the signing of the decree.

In December 2022, the trial court granted the Department's motion for summary judgment and rendered a take-nothing judgment. C.M.C. now appeals.

## DISCUSSION

C.M.C. argues that we must reverse the trial court's summary judgment on three independent grounds. First, she argues that the trial court orally rendered a default judgment at the May 2022 hearing and that the Department's July 2022 motion to set aside the default judgment was made after the trial court's plenary power had expired. Second, C.M.C. argues that the four-year residual statute of limitations applies to bills of review, not the six-month time bar in the Texas Family Code. Third, she argues that even if the six-month time bar generally applies to a petition for a bill of review challenging a parental-termination order, the time bar does not bar her particular petition for a bill of review because the time bar solely applies when a parent was personally served in a termination suit, and she was not.

### Standard of Review

We review summary judgments de novo. *Wal-Mart Stores v. Xerox State & Local Sols.*, 663 S.W.3d 569, 576 (Tex. 2023). To obtain traditional summary judgment, the movant must prove that no genuine issue of material fact exists, and it is entitled to judgment as a matter of law. *Id.* To the extent that we must interpret

4

a statute, we likewise do so de novo because the proper interpretation of a statute is a question of law. *Am. Nat'l Ins. Co. v. Arce*, 672 S.W.3d 347, 354 (Tex. 2023).

**Applicable Law**

Section 161.211(a) of the Texas Family Code provides:

> Notwithstanding Rule 329, Texas Rules of Civil Procedure, the validity of an order terminating the parental rights of a person who has been personally served or who has executed an affidavit of relinquishment of parental rights or an affidavit of waiver of interest in a child or whose rights have been terminated under Section 161.002(b) is not subject to collateral or direct attack after the sixth month after the date the order was signed.

TEX. FAM. CODE § 161.211(a).

The parties characterize section 161.211(a) of the Texas Family Code as a statute of limitations. But at least one court has described section 161.211(a) as a statute of repose. *See von Falkenhorst v. Ford*, 651 S.W.3d 563, 565 (Tex. App.—Houston [14th Dist.] 2022, pet. denied) (describing this statute as "statute of repose that applies to a challenge to an order terminating a person's parental rights" and distinguishing it from less stringent limitations period applicable to bill of review). And while we agree that section 161.211(a) more closely resembles a statute of repose than it does a statute of limitations, section 161.211(a) is actually neither. Instead, section 161.211(a) is a distinct type of jurisdictional time bar to suit.

To explain why this is so, we must begin by distinguishing statutes of limitations from statutes of repose, which differ from each other in several ways.

5

First, unlike a statute of limitations, which begins to run when a claim accrues, a statute of repose begins to run from a specified date without regard to accrual. *Galbraith Eng'g Consultants v. Pochucha*, 290 S.W.3d 863, 866 (Tex. 2009); *see also Holubec v. Brandenberger*, 111 S.W.3d 32, 37 (Tex. 2003) (noting that "period set under a statute of repose is independent of the claim's accrual or discovery").

Second, the purpose of a statute of repose is to impose a final deadline for filing suit that is not subject to exceptions, including judicially crafted rules of tolling or deferral, except for exceptions clearly stated in the statute itself. *Methodist Healthcare Sys. of San Antonio v. Rankin*, 307 S.W.3d 283, 286 (Tex. 2010). Once the deadline specified by a statute of repose has expired, its expiration extinguishes any substantive rights the party had beforehand. *See Galbraith Eng'g Consultants*, 290 S.W.3d at 866 (observing that "while statutes of limitations operate procedurally to bar the enforcement of a right, a statute of repose takes away the right altogether"). Relatedly, whereas a statute of limitations is intended primarily to encourage diligence by plaintiffs, the categorical deadline of a statute of repose may serve other purposes. *Nathan v. Whittington*, 408 S.W.3d 870, 873 (Tex. 2013) (per curiam).

Finally, the operation of a statute of repose is independent of the applicable statute of limitations. *See Galbraith Eng'g Consultants*, 290 S.W.3d at 868 (recognizing that statutes of repose reflect legislative judgment as to inadequacy of traditional statutes of limitations for some types of claims). A statute of repose may

6

extinguish a party's rights before limitations expires or even begins to run. *See Holubec*, 111 S.W.3d at 37 (stating statute of repose not only cuts off rights within a specified time after they accrue, but may even cut off rights before accrual).

With the preceding distinctions in mind, section 161.211(a) more closely resembles a statute of repose than a statute of limitations. Under section 161.211(a), the specified date on which the sixth-month time bar begins to run is the day on which the trial court signs the termination order. FAM. § 161.211(a). Concepts like accrual and discovery play no role in the operation of the sixth-month time bar. In addition, the purpose of section 161.211(a), like the other subsections of this statute, is to ensure the reliability and finality of termination orders so that the affected children are not subjected to instability and uncertainty any longer than is necessary. *See In re B.L.D.*, 113 S.W.3d 340, 353 (Tex. 2003) (indicating that section 161.211 limits challenges to six months after signing of termination order to ensure children are not kept in state of limbo). Thus, the sixth-month time bar serves a purpose other than merely encouraging diligence by parents whose rights have been terminated.

But section 161.211(a) differs from a statute of repose in one notable way. Like limitations, a statute of repose is an affirmative defense that may be waived. *Fed. Deposit Ins. Corp. v. Lenk*, 361 S.W.3d 602, 609 (Tex. 2012). This is not true of section 161.211(a), though, because it is jurisdictional. *See von Falkenhorst v. Ford*, No. 01-20-00864-CV, 2022 WL 2812022, at *3 (Tex. App.—Houston [1st

7

Dist.] July 19, 2022, no pet.) (mem. op.) (acknowledging disagreement among courts of appeals and noting that our court has held section 161.211(a) is jurisdictional). Because the statute is jurisdictional and therefore may not be waived, section 161.211(a) imposes a time bar that is neither a statute of limitations nor repose.

## Trial Court's Plenary Power

C.M.C. first argues that the trial court's plenary power expired, rendering the default judgment final, by orally pronouncing judgment in open court at the May 2022 hearing. As a result, she maintains, the trial court lacked the jurisdiction to consider the Department's July 2022 motion to set aside the default judgment.

We reject C.M.C.'s position. As an initial matter, the trial court did not render judgment at the May 2022 hearing. Rendition of judgment is the act by which a trial court declares its decision. *W.C. Banks, Inc. v. Team, Inc.*, 783 S.W.2d 783, 785 (Tex. App.—Houston [1st Dist.] 1990, no writ). Rendition occurs when the judge officially announces her decision, either orally in open court or by signed memorandum filed with the clerk. *Id.* At the May 2022 hearing, the trial judge merely said she would render judgment in the future, and the trial judge did not even state what judgment she planned to render. That does not qualify as the rendition of judgment because rendition is a present ruling, not an advisory as to a forthcoming decision. *State v. Naylor*, 466 S.W.3d 783, 788 (Tex. 2015); *see, e.g.*, *Memorial Hermann Health Sys. v. Heinzen*, 584 S.W.3d 902, 908–09 (Tex. App.—Houston

8

[14th Dist.] 2019, no pet.) (holding trial court's statement on record that it was going to sign order granting extension—stated in future tense—did not constitute rendition of ruling but rather expression of intent to rule in future).

Moreover, even if the trial court's remarks at the May 2022 hearing could be construed as the announcement of its judgment, an oral rendition of judgment in open court does not start the clock with respect to the expiration of the trial court's plenary power. A trial court retains plenary power to alter its judgment for 30 days after signing the written judgment. TEX. R. CIV. P. 306a(1), 329b(d). Hence, the trial court's oral announcement of its judgment, as opposed to the signing of the written judgment, does not trigger post-judgment deadlines or affect its plenary power. *Allen v. Allen*, 646 S.W.2d 495, 496 (Tex. App.—Houston [1st Dist.] 1982, no writ); *see also Perez v. Perez*, 658 S.W.3d 864, 869 (Tex. App.—El Paso 2022, no pet.) (reciting that signing of judgment triggers deadlines for filing post-judgment motions and perfecting appeal and starts clock as to trial court's plenary power). Thus, the statements the trial judge made in open court at the May 2022 hearing would not impact its plenary power even if these statements constituted rendition.

On this record, it is unclear whether the trial court ever actually rendered, let alone signed, a default judgment. The written ruling referred to by the parties is the trial court's July 2022 letter, which the Department characterizes as a default judgment. We acknowledge that a trial court may render judgment in letter form,

9

though doing so is less than ideal due to the uncertainty that may result. *See Wilson v. Trevino*, No. 01-19-00441-CV, 2019 WL 3484422, at *2 (Tex. App.—Houston [1st Dist.] Aug. 1, 2019, no pet.) (per curiam) (mem. op.) (stating letter generally is not kind of document that constitutes judgment or order but acknowledging it can be so under certain circumstances with observation that courts continue to struggle with issue of determining whether any given letter constitutes judgment or order). But the trial court's July 2022 letter is not in the record, and we therefore have no way of deciding whether it satisfies the requirements of a signed judgment. Nor need we decide. Assuming for argument's sake that the trial court's letter is a signed judgment, it is undisputed that the Department moved to set aside the letter ruling less than a week afterward, which is well within the thirty-day deadline to so move. *See* TEX. R. CIV. P. 329b(a), (g) (providing parties must file motions for new trial and to modify, correct, or reform judgment within 30 days of signing of judgment).

In sum, the record discloses two possibilities: (1) the trial court never signed a default judgment, in which case the clock concerning the expiration of its plenary power never began to run; or (2) the trial court's letter constituted a signed default judgment, which the Department timely moved to set aside. Either way, the trial court's plenary power had not expired before the Department filed its motion.

## Family Code's Six-Month Time Bar on Suit

C.M.C. argues that a bill of review is subject to the four-year residual statute of limitations provided in section 16.051 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE § 16.051 ("Every action for which there is no express limitations period, except an action for the recovery of real property, must be brought not later than four years after the day the cause of action accrues."). As section 16.051 is the applicable statute of limitations, C.M.C. explains, the Texas Family Code's sixth-month time bar on challenges to termination decrees, which she characterizes as a statute of limitations, is inapplicable and does not bar her claim.

A bill of review is an independent equitable action brought by a party to a prior suit seeking to set aside a judgment that is no longer subject to a new-trial motion or appeal. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 866 (Tex. 2010). As C.M.C. maintains, an equitable bill of review is subject to the four-year residual statute of limitations. *PNS Stores v. Rivera*, 379 S.W.3d 267, 270 n.1 (Tex. 2012).

But we disagree with C.M.C.'s contention that the four-year residual statute of limitations prevails over the Family Code's six-month time bar on suit. Section 161.211, titled "Direct or Collateral Attack on Termination Order," provides that "the validity of an order terminating the parental rights of a person who has been personally served . . . is not subject to collateral or direct attack after the sixth month after the date the order was signed." FAM. § 161.211(a). As we have already

11

explained, this six-month time bar is more akin to a statute of repose than a statute of limitations but is ultimately distinct from both due to its jurisdictional nature.

Like a statute of repose, section 161.211(a) operates without reference to accrual of the claim and extinguishes the claim altogether. *See Galbraith Eng'g Consultants*, 290 S.W.3d at 866 (discussing attributes of statute of repose). Section 161.211(a) also more closely resembles a statute of repose than a statute of limitations, inasmuch as it operates independently of the statute of limitations that generally applies to a bill of review, reflecting the legislature's judgment that the customary four-year limitations period is inadequate in the context of orders terminating parental rights. *See Galbraith Eng'g Consultants*, 290 S.W.3d at 868 (recognizing that statute of repose signals legislative decision that traditional limitations period is not adequate with respect to particular kind of claim at issue); *see, e.g.*, *Ramirez v. Dep't of Family & Protective Servs.*, 667 S.W.3d 340, 344–48 (Tex. App.—Houston [1st Dist.] 2022, no pet.) (applying section 161.211(a)'s six-month time bar to petition for bill of review challenging termination order). In the end, section 161.211(a) differs from a statute of repose in that it is jurisdictional, but its repose-like qualities show that it would not be a mere statute of limitations even if it was not jurisdictional in nature. The text and purpose of section 161.211(a) demonstrate that the legislature intended it to operate independent of limitations.

C.M.C. argues that the application of section 161.211(a) of the Texas Family Code makes the four-year residual limitations statute a nullity, contrary to conventional rules of statutory interpretation. But in this instance, the conventional rule against reading statutes in a fashion that renders one a nullity is not apposite. Our interpretation of section 161.211(a) does not make section 16.051's four-year residual statute of limitations a nullity; section 161.211(a) merely imposes a time bar in a specific, narrow class of cases involving orders that terminate parental rights. Other bills of review are unaffected by section 161.211(a)'s six-month time bar. Moreover, section 16.051's residual four-year limitations period applies to more than just bills of review. In short, section 16.051 continues to operate in a variety of contexts and thus is not made a nullity by the application of section 161.211(a).

Finally, even if C.M.C. and the Department were correct in characterizing section 161.211(a) as a statute of limitations, this would not alter the result in C.M.C.'s favor. By its terms, the residual four-year statute of limitations only applies to an "action for which there is no express limitations period." TEX. CIV. PRAC. & REM. CODE § 16.051. If another statute of limitations applies, the residual one does not. Thus, even if section 161.211(a) was a statute of limitations, as the parties contend, reading it and section 16.051 together would result in the latter's displacement by the former when termination orders are at issue in bill-of-review proceedings because section 161.211(a) applies to termination orders on its face.

## Lack of Personal Service

C.M.C. contends that even if section 161.211(a) of the Texas Family Code generally applies to a suit like hers, the statute does not apply to her in particular. She reasons that the statute applies solely to those who were "personally served" in the parental-termination suit. *See* FAM. § 161.211(a) (imposing six-month bar on challenging termination order by "person who has been personally served"). And because she was not personally served, section 161.211(a) does not bar her suit.

The Department concedes that C.M.C. was not personally served in the underlying parental-termination suit. However, the Department contends that C.M.C. waived the necessity of service by appearing in the suit, including by filing an answer and participating in the trial. The Department maintains that under well-established law, personal service is not required—including for purposes of section 161.211(a)'s six-month time bar—when a parent has made a general appearance.

Read without reference to other law, section 161.211(a) requires personal service and makes no exception. But when we interpret a statute, we presume the legislature had full knowledge of existing law, including rules, statutes, and caselaw, at the time of enactment and intended the statute to coexist with existing law. *McBride v. Clayton*, 166 S.W.2d 125, 128 (Tex. [Comm'n Op.] 1942); *see, e.g.*, *PS Invs. v. S. Instrument & Valve Co.*, 438 S.W.3d 638, 642–43 (Tex. App.—Houston

14

[1st Dist.] 2014, pet. denied) (relying on *McBride* in support of conclusion that legislature adopted longstanding caselaw definition of term left undefined in statute).

Parental-termination suits are civil matters subject to the rules of civil procedure. *See* TEX. R. CIV. P. 2 (providing that rules of civil procedure generally govern "in all actions of a civil nature"); *In re B.L.D.*, 113 S.W.3d at 351 (noting Texas Rules of Civil Procedure "govern termination proceedings"). Therefore, section 161.211(a)'s personal-service requirement must be understood in the light of existing law, including the rules of civil procedure, governing personal service.

The purpose of service of process is to allow a party the opportunity to defend against an opponent's claim—in parental-termination suits, the Department's request for the termination of the party's parental rights. Hence, a complete lack of service deprives a party of due process and a trial court of personal jurisdiction, such that any resulting judgment is void and subject to challenge at any time, absent a substitute for service of process that satisfies the requirements of due process. *In re E.R.*, 385 S.W.3d 552, 566–57 (Tex. 2012); *see also id.* at 570 (Lehrmann, J., concurring) (remarking that party's appearance in suit would moot lack of service).

It is well-established that a party's general appearance in a suit disposes of the need for service of process, having "the same force and effect as if the citation had been duly issued and served as provided by law." TEX. R. CIV. P. 120. Among other acts, the filing of an answer constitutes an appearance. *See* TEX. R. CIV. P. 121 ("An

answer shall constitute an appearance of the defendant so as to dispense with the necessity for the issuance or service of citation upon him."); *In re Guardianship of Fairley*, 650 S.W.3d 372, 386 (Tex. 2022) (stating that Texas courts routinely hold filing of answer is general appearance). This remains equally true in parental-termination suits. *See, e.g.*, *In re A.L.H.*, 515 S.W.3d 60, 87–88 (Tex. App.—Houston [14th Dist.] 2017, pet. denied) (rejecting father's claim that judgment was void for lack of service because he had filed answer, which was appearance negating need for service).

Here, it is undisputed that C.M.C. filed an answer in the parental-termination suit. Indeed, she appealed from trial court's termination order, and filed a petition for discretionary review after this court affirmed the termination order. Under these circumstances, allowing C.M.C. to avoid section 161.211(a)'s six-month time bar for challenging a termination order would transform the statute's language regarding personal service into a perfect-paperwork requirement, rather than recognizing it to be a due-process guarantee that is otherwise fulfilled by a party's appearance. *See* TEX. R. CIV. P. 120 (mandating that party's appearance "shall have the same force and effect as if the citation had been duly issued and served as provided by law"). On this record, we therefore reject C.M.C.'s contention that lack of personal service renders section 161.211(a) inapplicable to her petition for a bill of review.

## CONCLUSION

Like the trial court, we hold that the six-month time bar in section 161.211(a) bars C.M.C.'s bill of review. But this statutory time bar is jurisdictional in nature. *von Falkenhorst*, 2022 WL 2812022, at *3. Therefore, we set aside the trial court's summary judgment, in which it rendered a take-nothing judgment, and we instead render a judgment dismissing C.M.C.'s suit for lack of subject-matter jurisdiction.

Gordon Goodman
Justice

Panel consists of Justices Goodman, Rivas-Molloy, and Guerra.